**John BURNS et al., Plaintiffs-Appellants,**

v.

**Richard J. ELROD, Individually and as Sheriff of Cook County, Illinois, et al., Defendants-Appellees.**

Nos. 71–1285, 72–1541.

United States Court of Appeals, Seventh Circuit.

Argued Oct. 23, 1973.

Decided Jan. 30, 1975.

Rehearing Denied April 24, 1975.

---

**1134**

John C. Tucker, Gerald D. Chiss, Chicago, Ill., for plaintiffs-appellants.

Bernard Carey, State's Atty., Paul P. Biebel, Jr., Asst. State's Atty., Robert E. Wiss, Thomas A. Foran, Raymond F. Simon, Chicago, Ill., for defendants-appellees.

Before KILEY,* Senior Circuit Judge, and CAMPBELL ** and GRANT,*** Senior District Judges.

WILLIAM J. CAMPBELL, Senior District Judge.

Plaintiffs appeal from two orders of the United States District Court for the Northern District of Illinois, the first denying their motion for a preliminary injunction and the second dismissing their complaint for failure to state a claim upon which relief might be granted. We reverse and remand the cause for further proceedings not inconsistent with the views expressed herein.

The individual plaintiffs, with one exception, were employees of the Office of the Sheriff of Cook County, Illinois, on and before December 7, 1970. They were not protected by Civil Service or other laws against summary discharge

* Senior Circuit Judge Roger J. Kiley, deceased, did not participate in the decision in this case.

** Senior District Judge William J. Campbell of the Northern District of Illinois is sitting by designation.

*** Senior District Judge Robert A. Grant of the Northern District of Indiana is sitting by designation.

from their employment. Subsequent to December 7, 1970, the date on which Richard J. Elrod took office as Sheriff of Cook County, these plaintiffs were fired, allegedly because they were either members of the Republican rather than the Democratic Party, did not have the requisite political sponsorship from the Democratic Party or because they failed to pledge their political allegiance to, work for or contribute to the Democratic Party. Sheriff Elrod is alleged to be a Democrat. Plaintiff Fred Buckley, at the time the complaint was filed, was still employed by the Sheriff of Cook County, but alleged that he was in "imminent danger" of being fired for the same reasons that allegedly caused the other plaintiffs' dismissals.

The defendants include Richard J. Elrod, Sheriff of Cook County, at whose direction the dismissals are claimed to have been made; Richard J. Daley, President of the Democratic Organization of Cook County and Chairman of the Democratic County Central Committee of Cook County; the Democratic Organization of Cook County; and the Democratic County Central Committee of Cook County. Plaintiffs charged that Mr. Daley and the defendant organizations were also responsible for the dismissals of plaintiffs, alleging that Mr. Elrod effected the dismissals "under the direction and control of and in conspiracy" with these defendants.

The gravamen of plaintiffs' complaint is that, because their dismissals were based upon their political association and beliefs, defendants' conduct violated their rights under the First and Fourteenth Amendments of the Constitution of the United States. As relief, plaintiffs prayed for a declaration of their rights, compensatory and punitive damages, and preliminary and permanent injunctions restraining defendants from conditioning plaintiffs' employment on constitutionally impermissible grounds, restraining further dismissals on such

grounds and ordering reinstatement for unlawfully dismissed employees.

On the grounds that loss of employment did not constitute a sufficient showing of irreparable injury and that plaintiffs had an adequate remedy at law, Judge Hoffman denied the plaintiffs' motion for a preliminary injunction. Subsequently, Judge Bauer granted defendants' motion to dismiss for failure to state a claim upon which relief might be granted. In reaching this conclusion, Judge Bauer relied upon the decision of the Court of Appeals for the Second Circuit in Alomar v. Dwyer, 447 F.2d 482 (1971), cert. denied 404 U.S. 1020, 92 S.Ct. 683, 30 L.Ed.2d 667 (1972). *Alomar* concluded that there was no constitutional prohibition against the dismissal of governmental employees because of their political affiliations or beliefs.

Subsequent to these orders of the district court, this Circuit announced its decision in Illinois State Employees Union v. Lewis, 473 F.2d 561 (1972), cert. denied, 410 U.S. 943, 93 S.Ct. 1370, 35 L.Ed.2d 609 (1973) which refused to follow the reasoning in *Alomar,* holding instead that the dismissal of a public employee, not otherwise protected by Civil Service, because of his or her political associations or beliefs violates the First and Fourteenth Amendments of the Constitution of the United States. Although defendants argue that *Lewis* was wrongly decided and invite our reconsideration thereof,[1] we decline to do so for the scholarly and persuasive reasons articulated in Judge Stevens opinion in *Lewis.*[2] Plaintiffs' allegations that they were fired or threatened with dismissal because they belonged to a political party other than that of the office holder's political party, state a legally cognizable claim entitling them to an opportunity to prove their case.

Defendant Elrod resists this conclusion on the ground that under the rationale

---

1. See, Nunnery v. Barber, 503 F.2d 1349 (4th Cir. 1974).

2. See also, Note, Patronage Dismissals: Constitutional Limits and Political Justifications, 41 U.Chi.L.Rev. 297 (1974).

of *Lewis,* the plaintiffs occupy "policy-making" positions as a matter of law. It is maintained that the plaintiffs were deputy sheriffs and that, under Illinois law, this makes them public officials rather than public employees. *Lewis* recognized "the public executives right to use political philosophy or affiliation as one criteria in the selection of policy-making officials" and that "considerations of personal loyalty, or other factors besides determination of policy, may justify the employment of political associates in certain positions." Illinois State Employees Union v. Lewis, 473 F.2d 561, 574 (1972). These factors were characterized as a justification for an otherwise impermissible dismissal.

■ Defendant Elrod reasons that since deputy sheriffs are public officials their dismissal for partisan political reasons is justified under *Lewis.* We fail to see how the label "public official" or "public employee" advances the real inquiry on whether the particular employee was "engaged directly or indirectly in the formulation or implementation of policies" of the governmental office or agency involved. Illinois State Employees Union v. Lewis, 473 F.2d 561, 578 (Campbell, J., concurring) (1972). The "justification" or defense turns on the specific duties and responsibilities of the particular employee, not his title. Moreover, it appears that the basis for describing deputy sheriffs as "public officials" no longer exists in Illinois, as Section 9 of Article X of the 1870 Constitution of Illinois, S.H.A., was not carried over into the 1970 Constitution of Illinois. We conclude, therefore, that the issue of whether plaintiffs were policy-making employees who may be dismissed for partisan political reasons is a matter of factual defense to be established by defendants at trial.[3]

■ We consider next the question concerning the denial of plaintiffs' motion for a preliminary injunction. The district court's order, by holding that the

loss of employment does not constitute sufficient irreparable harm and that the plaintiffs have an adequate remedy at law, suggests that a preliminary injunction would never be appropriate in this type of case. We must reject this conclusion, for clearly more is involved than a simple loss of employment. What lies at the heart of these cases is the constitutional right of governmental employees to associate freely with political groups of their choice without official reprisal for such affiliation. See Illinois State Employees Union v. Lewis, 473 F.2d 561 (1972), cert. denied, 410 U.S. 943, 93 S.Ct. 1370, 35 L.Ed.2d 609 (1973); Kiiskila v. Nichols, 433 F.2d 745 (7th Cir. 1970). Inasmuch as this case involves First Amendment rights of association which must be carefully guarded against infringement by public office holders, we judge that injunctive relief is clearly appropriate in these cases. Since, under *Lewis,* plaintiffs have made a sufficient showing of probability of success on the merits, the cause is remanded to the district court with instructions to enter appropriate preliminary injunctive relief during the pendency of this cause.

The complaint here was filed by plaintiffs "on behalf of themselves and all other persons who were employees of the Sheriff of Cook County on December 7, 1970 and who were not protected by Civil Service or other laws against arbitrary discharge from their employment." The district court made no determination regarding the appropriateness of the class action vehicle. As in *Lewis,* we observe that:

"Whether the district court should now determine that a class action is appropriate, or if so, how the class or classes should be defined, either for discovery or trial purposes, are matters best apprised by the district court in the first instance." Illinois State Employees Union v. Lewis, 473 F.2d 561, 576 (1972).

Although the class action question must first be determined by the district

---

**3.** See e. g., Indiana State Employees Ass'n, Inc. v. Negley, 365 F.Supp. 225 (S.D.Ind.1973), aff'd 501 F.2d 1239 (7th Cir. 1974).

court, we perceive some threshold difficulties attending that determination. While questions of law may be common to class members, factual issues relating to the reasons for discharge may vary depending upon the individual, as may the asserted justification that an individual occupied a policy-making position. Finally, assuming plaintiffs can establish liability, the issue of appropriate relief may depend upon factual matters unique to various members of the asserted class. In making these observations, we express no views on the district court's ultimate determination of the class action issue. Rather, they are intended to illustrate the topics of inquiry that will doubtless occupy the district judge's attention on remand.

For the reasons stated, the two orders of the district court appealed from are reversed and the cause is remanded to the district court for further proceedings not inconsistent herewith.

Reversed and remanded.