**Pedro CORREA VELEZ, Plaintiff,**

v.

**Francisco DE JESUS SCHUCK, Individually and as Secretary of Justice, Defendant.**

**Civ. No. 74–1329.**

United States District Court,
D. Puerto Rico.

June 6, 1975.

Hector M. Laffitte, Laffitte & Dominguez, Hato Rey, P. R., for plaintiff.

Felipe Algarin, Dept. of Justice, San Juan, P. R., for defendant.

## DECISION

TORRUELLA, District Judge.

Placed in the most favorable light to Plaintiff the issue presented by this case is not highly complicated. Assuming *arguendo* that Plaintiff was removed from his position as Assistant Secretary of Justice in charge of Administration at the Justice Department of the Commonwealth of Puerto Rico, without a hearing and for political reasons, is there a cause of action stated under Federal law, specifically the Civil Rights Act, 28 USC 1343.

Plaintiff seeks equitable relief and damages against Defendant, who was Secretary of Justice of the Common-

wealth of Puerto Rico at the time of Plaintiff's removal.[1]

Commencing in 1943 Plaintiff commenced working intermittently in various Commonwealth dependencies and posts. In 1969 Plaintiff was appointed Special Aide to the Speaker of the House of Representatives of the Commonwealth Legislature. This position is an exempt service position within the Non-competitive Service of the Personnel Act of Puerto Rico (3 L.P.R.A. § 641 et seq.; Lozada v. Canals, 101 D.C. P.R. 923 (1974). In September, 1970 Plaintiff went to work with the Commonwealth Justice Department, in the classification of Executive Director II, which is also within the Non-Competitive Service.

Finally on March 1, 1972 Plaintiff became Assistant Secretary of Justice in charge of Administration, a position which again is within the non-competitive service. 3 L.P.R.A. § 648(b)(2). In this capacity it was his duty to advise the Secretary of Justice and the Director of the various departmental divisions regarding the planning, execution and evaluation of the agency's programs. Plaintiff was in charge of all administrative and fiscal matters including personnel, budget, accounting, internal auditing, service, organization and methodology for the Department of Justice. As Assistant Secretary of Justice, Plaintiff worked in close relationship to the Secretary and played an important role in the formulation and implementation of policy within the area of his jurisdiction.

As a result of the general elections that took place in November, 1972 there was a change in the administration of the Commonwealth Government. Defendant was appointed Secretary of Justice by the Popular Democratic Party Administration and took office in early January, 1973. Shortly thereafter Plaintiff met with Defendant.

There is conflicting evidence regarding what happened at that meeting.[2] For purposes of our decision these conflicts need not be resolved. Suffice it to say that in view of the nature of the position in question, Defendant must have indicated his desire that a person of his confidence occupy said post.

Shortly after this meeting, and without resigning as Assistant Secretary, Plaintiff went on sick leave. We again have conflicting testimony as to what happened hereafter regarding Defendant's efforts to provide Plaintiff with work of equivalent pay.[3] Again, in view of our decision, we need not resolve these differences.

In a letter dated March 23, 1973 Plaintiff was informed that his services as Assistant Secretary of Justice were terminated effective April 24, 1973 and that he would be paid in lump sum 60 days' accumulated vacation.

 We shall first decide whether Plaintiff was entitled to a prior hearing. This is a question that involves the right to procedural due process, as distinguished from substantive due process. For a Governmental employee to be entitled to procedural due process as regards the termination of his employment he must show that his termination has deprived him of an interest in "liberty" or that he had a "property" interest in continued employment. *Board of Regents v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). Absent any charges against the employee, or stigma, or disability foreclosing other employment, the termination *per se* is not tantamount to a dep-

---

1. This Court has jurisdiction of the subject matter of this Complaint pursuant to 28 U.S.C. § 1343.

2. Plaintiff claims that Defendant asked him to resign. Defendant claims that Plaintiff put the position at Defendant's disposition but asked that in view of his long service with the Government, that he be given another

post in the Justice Department, until he was able to retire.

3. Allegedly all new positions were "frozen" and it took some time to find Plaintiff a post within the Corrections Division. Supposedly attempts to contact Plaintiff at his home, to get him to accept this new post, were unsuccessful.

rivation of "liberty." Board of Regents v. Roth, supra, at page 573, 92 S.Ct. 2701. Clearly such a situation is not presented herein.[4]

Whether a government employee has a "property" interest in his job, cognizable for constitutional purposes, he must have more than an abstract need or desire for it and certainly more than a unilateral expectation of it. He must instead have a *legitimate claim of entitlement* to it. Board of Regents v. Roth, *supra*, at page 577, 92 S. Ct. 2701. Mere subjective "expectancy" in continued employment does not create a property interest protected by procedural due process. Perry v. Sindermann, 408 U.S. 593, 602–603, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972).

Considering the nature of Plaintiff's position, including his classification within the Commonwealth's personnel law, it cannot be seriously argued that he had a *legitimate claim of entitlement* to the position of Assistant Secretary of Justice. Nor can it be seriously argued that he had a *legitimate claim of entitlement* to the position of Assistant Secretary of Justice. Nor can it be seriously argued that when Plaintiff accepted a policy-making position of trust and confidence under one political administration he had an "expectancy" that he would have continued employment under a different political administration. We can only conclude that if he had such naiveness as to the political facts of life, his innocence does not create new field of constitutional rights.

Since Plaintiff seems to be implying that by virtue of prior Government service he is somehow entitled to fall into another position, suffice it to say that we are unaware of any provision of law, statutory or constitutional, nor has any been cited by Plaintiff,

that grants such a privilege to a person in a position similar to that occupied by Plaintiff at the time of his removal.[5]

We thus conclude that Plaintiff is not entitled to a prior hearing.

We now look to the issue of substantive due process. That is, whether in the position occupied by Plaintiff as Assistant Secretary of Justice he was guaranteed by the Constitution of the United States freedom from removal from office by reason of his political affiliation.

It is not disputed but that Plaintiff is a member of the New Progressive Party and that Defendant is a member of the Popular Democratic Party. Furthermore, we shall assume that the moving reason behind Plaintiff's termination was Defendant's desire to have someone of his confidence and political affiliation in the position of Assistant Secretary of Justice.

There is no doubt that normally discrimination in public employment by reason of political affiliation is proscribed by the Constitution.[6] Perry v. Sindermann, supra, at page 597, 92 S.Ct. 2694; Illinois State Employees Union, etc. v. Lewis, 473 F.2d 561 (CA 7, 1972), cert. den., 410 U.S. 943, 93 S.Ct. 1370, 35 L.Ed.2d 609 (1973); Burns v. Elrod, 509 F.2d 1133 (CA 7, 1975); Pedroza Gabriel v. Benítez, 390 F.Supp. 988 (D.C.P.R.1975).

But this Constitutional protection does not reach the policy making levels of persons such as an Assistant Secretary of Justice, Illinois State Employees Union, etc. v. Lewis, supra; Rivera Morales v. Benítez, Civil No. 243–73 (Decided Mar. 13, 1975). Such a position is within the Executive Branch of the Commonwealth government. The executive power to remove at will and for any reason persons appointed to policy-making positions is an

4. Plaintiff in fact is working in another government agency, the Office of the Comptroller.

5. We must remember that Plaintiff voluntarily chose to leave the protection of the Personnel Law to accept exempt positions.

6. Contra see Alomar v. Dwyer, 447 F.2d 482 (CA2, 1971), cert. den., 404 U.S. 1020, 92 S.Ct. 683, 30 L.Ed.2d 667 (1972).

essential and inalienable element of the power to govern and cannot be fettered in any manner by restrictions of the nature sought herein. Cf. Myers v. United States, 272 U.S. 52, 117, 44 S. Ct. 272, 68 L.Ed. 577 (1926). Under the circumstances presented by this case, the power to remove is an incident to the power of appointment, and is in the nature of the executive power. Myers v. United States, supra, at page 161, 44 S.Ct. 272.[7] The intervention by this Court with this removal power would be tantamount to the emasculation of the appointment power in that it would not only prevent the naming of said policy-making officials by a new executive, but would cause said executive to be responsible for the creation and implementation of policy over which he lacked effective control.

We therefore conclude that Plaintiff's removal, even if based on political motivations, is constitutionally sound.

The complaint is hereby dismissed. Judgment shall be entered accordingly and costs taxed against Plaintiff.

It is so ordered.

---

7. We are not here dealing with quasi-judicial appointments. Humphrey's Executor v. United States, 295 U.S. 602, 55 S.Ct. 869, 79 L.Ed. 1611 (1935); Wiener v. United States, 357 U.S. 349, 78 S.Ct. 1275, 2 L.Ed.2d 1377 (1958).