598 F.2d 432
 20 Fair Empl.Prac.Cas. 239,
20 Empl. Prac. Dec. P 30,127
Herman J. JOHNSON, Individually and on behalf of all persons
similarly situated, Plaintiff-Appellant,
v.
GENERAL MOTORS CORPORATION, Defendant-Appellee.
 No. 77-2429.
 United States Court of Appeals,
Fifth Circuit.
 July 9, 1979.
 
 Joseph Jones, Jr., Atlanta, Ga., Fletcher Farrington, Savannah, Ga., for plaintiff-appellant.
 William A. Clineburg, Jr., R. Byron Attridge, L. Joseph Loveland, Jr., Atlanta, Ga., for defendant-appellee.
 Appeal from the United States District Court for the Northern District of Georgia.
 Before THORNBERRY, CLARK and FAY, Circuit Judges.
 CHARLES CLARK, Circuit Judge:
 
 
 1
 The primary issue on this appeal is whether the doctrine of res judicata bars the maintenance of an employment discrimination suit brought by a plaintiff who was an absent member of a plaintiff class in a previous class action involving the same discrimination practices, when the prior action was conducted pursuant to subsection (b)(2) of Rule 23 of the Federal Rules of Civil Procedure and no notice was provided to absent class members. The district court held the appellant's cause of action totally barred by the prior suit on the basis that no notice was necessary to bind absent class members in a 23(b)(2) class action. We reverse. Although notice is not necessary to bind absent class members in a 23(b)(2) class action seeking only injunctive and declaratory relief, due process does require notice before the individual monetary claims of absent class members may be barred. The portion of the present action which seeks monetary relief for the plaintiff and others similarly situated cannot be barred by a prior suit in which no notice to absent class members was provided.
 
 I.
 
 2
 The appellant Herman Johnson is a black employee at the General Motors Assembly Plant in the Lakewood area of Atlanta, Georgia. In 1971, Johnson was promoted from his position as an hourly-paid employee at the plant to a position as a salaried employee. As a result of a supervisor's criticism, he was demoted back to hourly-wage status in 1972. Johnson filed an EEOC complaint in 1973. Subsequent to that filing, he was again promoted to a salaried position as a foreman. After receiving an EEOC right-to-sue letter he brought this action against the appellee General Motors under Title VII and 42 U.S.C. § 1981. Johnson brought his suit as a class action, defining the class to encompass all past, present and future black employees at the plant. The complaint alleged wide-ranging discrimination practices, including discrimination in promotion, job assignment, job education and the dissemination of job openings. The complaint sought both injunctive and monetary relief.
 
 
 3
 The district court held that Johnson's action was barred by the res judicata effect of a prior suit involving racial discrimination at the Lakewood General Motors Plant, Rowe v. General Motors Corp., 4 E.P.D. P 7715 (N.D.Ga.1969), Rev'd and remanded, 457 F.2d 348 (5th Cir. 1972). Rowe was a class action brought by black hourly-paid employees at the Lakewood plant who claimed racial discrimination in the procedures used by General Motors to promote hourly-wage earners to salaried positions. The district court in Rowe found the promotion procedures non-discriminatory, but this court reversed on appeal, holding that the procedures were racially discriminatory because the immediate supervisors of the hourly-wage earners had virtually absolute veto power over promotion. On remand the district court entered a final order requiring General Motors to consider employees for promotions to salaried positions whether or not they were favorably recommended by their supervisors, and further requiring General Motors to disseminate information concerning salaried positions and foreman training programs. No class-wide monetary relief was sought or granted in Rowe. However, the three named plaintiffs in the suit settled their individual monetary claims for $1,000 apiece.
 
 
 4
 Johnson was an employee at the Lakewood plant before and during the Rowe litigation. The discrimination allegedly suffered by Johnson racial preference in the promotion of employees was the very type of discrimination at issue in Rowe. The district court found that Johnson was a member of the plaintiff class in Rowe, and that his present suit was therefore barred by the adjudication in Rowe.
 
 
 5
 Johnson asserts several deficiencies in the conduct of the Rowe litigation in an attempt to avoid its res judicata effect. He first argues that Rowe was never formally certified as a class action as required by Rule 23(c)(1) of the Federal Rules of Civil Procedure, and, in a related argument, that the class was never formally delineated and described in the court's final order, as required by Rule 23(c)(3). Johnson next asserts that because class members in Rowe received no notice of the Rowe litigation, they are not bound by the Rowe judgment. Finally, relying on the named plaintiffs' willingness to settle their individual claims for $1,000 each and their failure to pursue monetary relief for the class, Johnson attacks the adequacy of the representation in Rowe.
 
 II.
 
 6
 Rowe's violation of Rule 23 requirements in the lack of class certification and failure to describe the class in the judgment are insufficient deficiencies to annul the binding effect of the Rowe judgment. The lack of notice to the absent class members in Rowe, however, presents a more substantial problem. Because the appellant's present suit seeks monetary as well as injunctive relief, we hold that the lack of notice prevents the imposition of Rowe as a bar to his present suit. Our holding on the notice issue eliminates the need to reach the adequacy of representation question.
 
 A.
 
 7
 Rule 23(c)(1) provides that "As soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained." In Rowe the district court failed to comply with this important requirement of the rule and neglected to formally certify the case as a class action. It is clear, however, that throughout its pendency the district court regarded Rowe as a class suit. The court in its opinion stated:
 
 
 8
 Plaintiff Rowe instituted the case against the defendant as an individual action on his own behalf and as a class action under Rule 23(a)(1). The alleged class included all Negroes similarly situated to Rowe and all present and future Negroes employed in hourly rated jobs.
 
 
 9
 4 E.P.D. P 7715. On appeal, this court described the case as a class action in language nearly identical to that of the district court's, 457 F.2d at 351 n.3, and at a later point in the opinion, stated:The District Court, Morgan, then District Judge, over strong protests of GM allowed the class action. F.R.Civ.P. 23(b)(2) provides for the maintenance of a class action where "final injunctive relief with respect to the class as a whole" is appropriate. This provision was particularly designed for civil rights cases, see notes of Advisory Comm., 39 F.R.D. 98, 102, and especially one where, on GM's own thesis, it is plant-wide practices, not just the employer vis-a-vis a single grieving employee.
 
 
 10
 Id. at 359 n.24. In short, it is beyond dispute that despite the lack of a proper order certifying Rowe as a class suit, the case was in fact a class action and was specifically described and treated as such both at trial and on appeal.
 
 
 11
 In Bing v. Roadway Express, Inc., 485 F.2d 441 (5th Cir. 1973), this court was faced with an appeal in which the district court had obviously treated the case before it as a class action but had failed to enter a formal order of certification. Bing held that a class action may exist in the absence of a formal, explicit determination of class action status by the district court. If the record indicates that the district court conducted the litigation before it as a class action, Bing held, its technical failure to enter an order formally certifying the class does not prevent the suit from so proceeding:
 
 
 12
 To say that this is not a class action would be to ignore the substance of the proceedings below in favor of an excessively formalistic adherence to the Federal Rules of Civil Procedure. We believe the trial court's implicit determination of the class action question satisfies Rule 23(c)(1).
 
 
 13
 Id. at 447. In Gore v. Turner, 563 F.2d 159 (5th Cir. 1977), the holding in Bing was summarized with the statement that "a class action may be proper even if the trial court never made a formal, explicit determination pursuant to Rule 23(c)(1)." Id. at 165-66. Since Rowe was in fact a class action and was plainly described and treated as such by both courts that considered it, under the authority of Bing the lack of formal certification does not detract from the validity or res judicata effect of the judgment.
 
 B.
 
 14
 Rule 23 also provides in subsection (c)(3) that a judgment in a class action "shall include and describe those whom the court finds to be members of the class." The final decree entered by the district court in Rowe did not specifically describe the members of the class. Once again Bing is controlling. In Bing the district court, aside from failing to certify the class, also failed to explicitly delineate the contours of the class in its final judgment order. We held that the judgment described the class by implication and that such a description was sufficient. 485 F.2d at 447. See also Gonzales v. Cassidy, 474 F.2d 67, 74 (5th Cir. 1973).
 
 
 15
 Viewed in the context of the entire Rowe litigation, the failure to describe the class in the final order is an error without significance to the present appeal. The final decree was derived, virtually verbatim, from a "proposed final decree" appended to this court's opinion in the case. 457 F.2d at 360-61. That decree was obviously intended to operate with reference to the class of plaintiffs as described by the court's opinion: "all Negroes similarly situated to Rowe and all present and future Black hourly rated employees at GMAD who suffered the discrimination in these employment practices." 457 F.2d at 351 n.3. As previously noted, the district court also regarded the class before it as all present and future black hourly-wage employees at the Lakewood plant similarly situated to Rowe, and its final order unquestionably was made in reference to the class as so defined. The identity of the class is implicit in the final order in light of the preceding actions of this and the district court; the technical failure of the district court to expressly describe the class does not alter the res judicata effect of the judgment.C.
 
 
 16
 No notice was provided to the absent class members in Rowe. Although Rowe was not formally certified as a class action under any particular division of Rule 23, this court's opinion specifically referred to the suit as an action appropriately maintained under subsection (b)(2) of the Rule. 457 F.2d at 359 n.14.
 
 
 17
 The text of Rule 23 makes notice mandatory for (b)(3) class actions suits predicated on common questions of law and fact which predominate over questions affecting individual class members requiring "the best notice practicable under the circumstances." F.R.C.P. Rule 23(c)(2). The Rule provides for only discretionary notice, however, in (b)(2) class actions. F.R.C.P. Rule 23(d) (2). The Supreme Court in Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974), declared that notice is an absolute requisite to the maintenance of (b)(3) actions, stating that "notice to identifiable class members is not a discretionary consideration," but is, "rather, an unambiguous requirement of Rule 23." Id. at 176, 94 S.Ct. at 2152. The Court was careful to explain, however, that its holding applied only to (b)(3) type actions, since "(b)y its terms subdivision (c)(2) is inapplicable to class actions for injunctive or declaratory relief maintained under subdivision (b) (2)." Id. at 177 n.14, 94 S.Ct. 2152 n.14. Similarly, the Court stated in Sosna v. Iowa, 419 U.S. 393, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975), that the notice problems treated in Eisen were not implicated when a 23(b)(2) class action was involved:
 
 
 18
 Although the complaint did not so specify, the absence of a claim for monetary relief and the nature of the claim asserted disclose that a Rule 23(b)(2) class action was contemplated. Therefore, the problems associated with a Rule 23(b) (3) class action, which were considered last Term in Eisen . . . , are not present in this case.
 
 
 19
 Id. at 397 n.4, 95 S.Ct. at 556 n.4 (citation omitted). Following Eisen, we have also stated that notice is not mandatory in 23(b)(2) type actions. E. g., Bolton v. Murray Envelope Corp., 553 F.2d 881, 883 (5th Cir. 1977). The district court relied on the nonmandatory nature of notice in 23(b)(2) actions in holding that the lack of notice in Rowe did not remove the bar of res judicata from Johnson's present suit. That reliance was misplaced.
 
 
 20
 It does not follow that because notice in (b)(2) actions is not made mandatory by Rule 23, every (b)(2) action in which notice is absent will automatically bar all subsequent efforts by members of the class to litigate claims that might have been brought in the original class action. Before the bar of res judicata may be applied to the claim of an absent class member, it must be demonstrated that invocation of the bar is consonant with due process. E. g., Hansberry v. Lee, 311 U.S. 32, 61 S.Ct. 115, 85 L.Ed. 22 (1942); Gonzales v. Cassidy, supra, 474 F.2d at 74-75. As the Advisory Committee's Note to Rule 23 explains, the "mandatory notice pursuant to subdivision (c) (2), together with any discretionary notice which the court may find it advisable to give under subdivision (d)(2), is designed to fulfill the requirements of due process to which the class action procedure is of course subject." 28 U.S.C.A. Rule 23 (Adv.Comm.Note). In Eisen, the Supreme Court endorsed the Advisory Committee's position that the notice provisions of Rule 23 must be interpreted so as to bring the conduct of class litigation within the minimum requisites of due process. 417 U.S. 173-75, 94 S.Ct. at 2150, 2151.
 
 
 21
 We recently applied these principles in Bogard v. Cook, 586 F.2d 339 (5th Cir. 1978). Bogard involved a prisoner's claim for damages arising out of injuries allegedly sustained as a result of unconstitutional practices at the Mississippi State Penitentiary at Parchman. Bogard had been a member of the plaintiff class in a prior suit involving the Parchman prison in which the class of prisoners sought injunctive and declaratory relief from the practices at the prison. Gates v. Collier, 349 F.Supp. 881 (N.D.Miss.1972), Aff'd, 501 F.2d 1291 (5th Cir. 1974). Gates was a Rule 23(b)(1) and (b)(2) class action. At least two of the injuries which gave rise to Bogard's claim for individual damage relief were the result of prison practices which were at issue in Gates. Bogard even testified as to those injuries as part of the Gates litigation. Bogard, along with all other prisoners at Parchman, received notice of the Gates litigation, but "(w)hile the notice received . . . clearly apprised them of their rights in a suit seeking equitable reform of the Parchman prison, it was insufficient to alert prisoners to the possibility that they could seek individual money damages for personal wrongs." 586 F.2d at 408. We held that because the notice did not adequately alert Bogard to the possibility that he could press his damage claims in the Gates suit, Gates did not bar his subsequent action for damages. Id. at 409.
 
 
 22
 Bogard largely controls the instant case. Unlike Bogard, Johnson received no notice whatsoever of the class action that would later be invoked to bar his claim. Notice and an opportunity to be heard are "fundamental requisites of the constitutional guarantee of procedural due process." Eisen,supra, 417 U.S. at 174, 94 S.Ct. at 2151; Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950). Although under the text of Rule 23 and the cases interpreting it notice is not required in all representative suits in order to bind absent class members, due process requires that it be provided before individual monetary claims may be barred. Bogard, supra, 586 F.2d at 408-409. Rowe, therefore, does not preclude the portion of Johnson's present suit which seeks that relief.
 
 
 23
 Our holding does no violence to the general rule making notice only discretionary in Rule 23(b)(2) cases. The decisions from which that rule derives presuppose that Rule 23(b)(2) class actions will be limited to class suits seeking only equitable relief. Both Eisen and Sosna explicitly equate actions for equitable relief with subsection (b)(2) of the Rule and actions for monetary relief with subsection (b)(3). Eisen, supra, 417 U.S. at 177 n.14, 94 S.Ct. at 2152 n.14; Sosna, supra, 419 U.S. at 397 n.4, 95 S.Ct. at 566 n.4. The text of the Rule invites this equation by describing 23(b)(2) actions as involving circumstances in which "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Primarily because of the evolution in the substantive law governing Title VII cases, however, the compartments of Rule 23 have not remained airtight. In Johnson v. Goodyear Tire and Rubber Co., 491 F.2d 1364, 1375 (5th Cir. 1974), we held that class-wide back pay awards were appropriate under Title VII. See also Albemarle Paper Co. v. Moody, 422 U.S. 405, 408-25, 95 S.Ct. 2362, 2375, 45 L.Ed.2d 280 (1975). In Pettway v. American Cast Iron Pipe Co., 494 F.2d 211, 256-257 (5th Cir. 1974), we held that despite the ostensible restriction of Rule 23(b)(2) to injunctive or declaratory relief, individual back pay awards for absent class members can be sought in a (b)(2) class action.
 
 
 24
 In light of these developments, we have previously suggested that when both monetary and injunctive relief are sought in an action certified under Rule 23(b)(2), notice may be mandatory if absent class members are to be bound. We expressly took note in Pettway of "the problem of binding unidentified class members," suggesting that it "may be overcome by particularizing the class members at some point in the litigation or utilizing the notice provision of subdivision (d)(2)." 494 F.2d at 257. In United States v. Allegheny-Ludlum Industries, Inc., 517 F.2d at 826 (5th Cir. 1975), we again commented that some form of notice may be necessary in order to bind absent class members in connection with back pay awards. Id. at 878. When only equitable relief is sought in an action involving a cohesive plaintiff group such as a class of black employees at an assembly plant, the due process interests of absent members will usually be safeguarded by adequate representation alone. As the Advisory Committee on Rule 23 stated, "(i)n the degree that there is cohesiveness or unity in the class and the representation is effective, the need for notice to the class will tend toward a minimum." 28 U.S.C.A. Rule 23 (Adv.Comm.Note). Where, however, individual monetary claims are at stake, the balance swings in favor of the provision of some form of notice. It will not always be necessary for the notice in such cases to be equivalent to that required in (b)(3) actions. See Allegheny-Ludlum, Supra, 517 F.2d at 879. In some cases it may be proper to delay notice until a more advanced stage of the litigation; for example, until after class-wide liability is proven. Cf. Robinson v. Union Carbide Corp., 538 F.2d 652, 660-63 (5th Cir. 1976), Opinion on rehearing, 433 F.2d 1258, 1260-61 (1978). Before an absent class member may be forever barred from pursuing an individual damage claim, however, due process requires that he receive some form of notice that the class action is pending and that his damage claims may be adjudicated as part of it.
 
 D.
 
 25
 Johnson does not assert that the representation in Rowe was inadequate insofar as the named Rowe plaintiffs sought injunctive or declaratory relief. Indeed, the plaintiffs in Rowe were ultimately successful in obtaining such relief. Rather, Johnson relies on the failure of the named Rowe plaintiffs to pursue class-wide monetary awards. Since we have already held that, for lack of notice, Rowe does not affect absent class members' claims for monetary damages, it is unnecessary to further consider the adequacy of the representation in Rowe.
 
 III.
 
 26
 Our holding that Johnson's cause of action for monetary damages is not barred as res judicata raises several additional issues that will now become critical in determining the future course of this litigation. Those issues are not properly before us on this appeal; they will be for the district court to resolve on remand.
 
 
 27
 Since the district court regarded Johnson's action as utterly foreclosed by Rowe, it concluded, on that basis alone, that Johnson was also an inadequate class representative. Our decision does not imply that Johnson's suit may properly be maintained as a class action. If there are others similarly situated to Johnson, there is nothing to prevent them from litigating their claims in a class suit, but the questions of whether Johnson's particular suit meets the requirements of Rule 23, or whether Johnson is an adequate class representative, are not before us. On remand it will be for the district court to manage the suit pursuant to its usual responsibilities under Rule 23.
 
 
 28
 A more intricate issue concerns Johnson's attempt to obtain further injunctive relief from allegedly discriminatory practices at the Lakewood plant. Johnson's complaint alleges racially discriminatory practices at the Lakewood plant which range far beyond the practices at issue in Rowe. Unlike the representative plaintiffs in Rowe, Johnson purports to represent all black employees at the plant, not merely hourly-wage earners, and he complains of practices which go beyond the procedures for promotion to salaried positions that were at issue in Rowe. Under our analysis in part II(C) of this opinion, an absent class member is bound by the res judicata effect of a (b)(2) class action to the extent that the judgment concerns injunctive or declaratory relief, even when no notice was provided. In part II(D) we noted that Johnson does not complain of the representation in Rowe with regard to the injunctive and declaratory relief obtained in that suit. Under this analysis, res judicata would bar Johnson's entitlement to relief duplicative of that already granted in Rowe or to relief which could have been sought in that action. On the record before us, however, it is impossible to know whether Johnson may be entitled to equitable relief for alleged wrongs outside the scope of Rowe. More importantly, it is impossible at this juncture to know whether Johnson may adequately represent class members who may be entitled to equitable relief because of practices which did not affect Johnson or class members from Rowe. Finally, since the outstanding Rowe injunction emanates from the same district court in which Johnson's present suit has been filed, the possibility exists that Johnson, either individually or on behalf of the Rowe class, may be entitled to relief under the district court's continuing jurisdiction to enforce its Rowe decree.
 
 
 29
 All of these issues are within the scope of the district court's duties to control and supervise an action under Rule 23. The cause is reversed and remanded for further proceedings not inconsistent with this opinion.
 
 
 30
 REVERSED AND REMANDED.
 
 FAY, Circuit Judge, specially concurring:
 
 31
 While concurring in Judge Clark's scholarly opinion, I feel compelled to add a short personal observation.
 
 
 32
 Class actions are unique creatures with enormous potential for good and evil. This valuable tool will only serve the ends of justice if Rule 23 of the Federal Rules of Civil Procedure is followed strictly. If writing on a clean slate, I would hold that Rowe was never a class action because it was never certified as such. Prior decisions of this Court bind us to a contrary conclusion. The case before us today highlights one of the consequences inherent in ignoring the requirements of Rule 23.
 
 
 33
 Certainly Herman Johnson should not be barred. Rowe was not certified as a class action and no notice was issued in accord with Rule 23(c) whether as a (b)(2) or (b)(3) class. As a matter of fact, Rowe was only a class action because we said it was! Section III of this opinion points out some of the problems created by our failure to adhere to those procedures outlined in Rule 23. This should serve as a "cautionary signal" to all of us.