**George E. DORSEY, Plaintiff,**

v.

**William French SMITH, et al., Defendants.**

**Civ. A. No. J–80–3364.**

United States District Court, D. Maryland.

Aug. 27, 1981.

Joseph A. Schwartz, III, Baltimore, Md., for plaintiff.

Paul Blankenstein, Joann Lach, U. S. Dept. of Justice, Washington, D. C., J. Frederick Motz, U. S. Atty., Baltimore, Md., for defendants.

MEMORANDUM AND ORDER

SHIRLEY B. JONES, District Judge.

This action was filed pursuant to Title VII, 42 U.S.C. § 2000e *et seq.* alleging discrimination in hiring and promotion. Specifically, plaintiff alleges that he is a black special agent with the Drug Enforcement Administration (DEA) and that he was denied promotions because of his race. Defendants have moved to dismiss based on the fact that plaintiff is a member of a class seeking relief in *Segar v. Civiletti,* Civil Action No. 77–0081 (D.D.C.). It is defendants' position that because the Court in *Segar,* 508 F.Supp. 690, has decided the question of liability on the identical issues which plaintiff seeks to raise in this action, plaintiff is barred by principles of *res judicata* and comity from relitigating those same issues. Because defendants' motion raises matters outside the complaint, the motion will be treated as one for summary judgment.

On the question of *res judicata*, the Court's analysis must necessarily begin with examination of the issues raised in both actions in order to determine whether or not they are identical. The *Segar* complaint encompasses allegations of discrimination in hiring, work assignments, promotions and disciplinary actions. On the issue of discrimination in promotion, plaintiffs in *Segar* alleged:

> Defendants have discriminated against plaintiffs and have discriminated and continue to discriminate against the class plaintiffs seek to represent by assigning Black Special Agents to work which limits their opportunities for promotion and by denying them, and otherwise discouraging and intimidating them from seeking, promotions for which they are the best qualified available applicants. Discriminatory acts with respect to Special Agents include without limitation disproportionate assignment to undercover work and exclusion from positions requiring case development and supervisory skills, which are important to promotion.

Plaintiff in the instant suit also alleges that DEA discriminated against him by relegating him to the role of "buying agent" as was done with other black special agents.

> The net effect of this policy and practice by the Agency is that blacks are purposely not given the experience, training and opportunities necessary for promotion and are relegated to a role as a "buying agent". Moreover, when promotional opportunities do occur, one's experience as a "buying agent" effectively operates as a disqualifying factor for promotion in that a "buying agent's" role is not valued as highly as a normal agent's activities.

In his opinion finding that DEA had been discriminating against black special agents, Judge Robinson concluded that the disproportionate assignment of blacks to "buying agent" had the effect of limiting their experience and, consequently, their promotional opportunities.

> It is unlawful employment practice for an employer to create a pattern of disparate work assignments based on race. The evidence in this case overwhelmingly indicates that DEA assigned Black agents to undercover work far more frequently than White agents. Defendants have even admitted that race is a factor in the allocation of work assignments. Plaintiffs have proven a *prima facie* case under both the disparate impact and disparate treatment theories that Defendants discriminated against Black agents in work assignments.

> Disproportionate assignments to undercover work adversely affects Black agents in that it exposes them to greater dangers and hardships, precludes obtaining the "breadth of experience" that is a critical consideration for promotion to supervisory positions, teaches a limited range of skills, and impairs their ability to remain current with administrative duties. Defendants have failed to articulate legitimate, nondiscriminatory reasons for the disparate pattern of work assignments. Defendants' general and untested assumption that Blacks must be used to make undercover buys from Blacks does not justify their discrimination. Defendants have not shown that race is a "bona fide occupational qualification reasonably necessary to the normal operation" of DEA. 42 U.S.C. § 2000e-2(e).

■ It is readily apparent that the issue which plaintiff in the instant suit seeks to litigate is identical to that which was litigated in *Segar*, that being whether the disproportionate assignment of blacks as buying agents was discriminatory. The remaining question is whether or not plaintiff is a member of the class on whose behalf the action in *Segar* was filed. On September 9, 1977, Judge Robinson certified a class which was

> composed of all blacks who currently serve as Special Agents, who have been discharged from Special Agent positions, who have unsuccessfully applied for Special Agent positions, and who in the future will apply for Special Agent positions in DEA (or in any predecessor or successor organization); and that this ac-

tion will be maintained as a class action pursuant to Rule 23(b)(2), Federal Rules of Civil Procedure;

In his complaint, plaintiff alleges that he has been employed as a criminal investigator-1811 from June of 1971. An affidavit by the Personnel Director of DEA was filed with defendants' motion which states that the position of criminal investigator-1811 is synonymous with that of special agent. There can be no question, therefore, that plaintiff is a member of the class in *Segar*.

■ Plaintiff's only argument in opposition to the foregoing conclusion is that he received no notice of the class action in *Segar* and, hence, cannot be bound by it. The simple answer to this argument is that no notice was required in order to bind plaintiff to the decision in that case. The class was certified pursuant to F.R.Civ.P. 23(b)(2). "When an action is certified under Rule 23(b)(2) . . . absent class members are not required to receive notice or to have the opportunity to opt-out of the suit." *E. E. O. C. v. General Telephone Company of the Northwest*, 599 F.2d 322, 324 (9th Cir. 1979), *aff'd* 446 U.S. 318, 100 S.Ct. 1698, 64 L.Ed.2d 319 (1980).

Plaintiff relies on *Johnson v. General Motors Corp.*, 598 F.2d 432 (5th Cir. 1979), for the proposition that the *Segar* action cannot bar plaintiff's claims for monetary relief. Although the Court entertains doubts that *Johnson* would be followed by the Fourth Circuit, *see Woodson v. Fulton*, 614 F.2d 940 (4th Cir. 1980), it is unnecessary for the Court to decide this question. The facts of *Johnson* are readily distinguishable from the facts in the instant action. In *Johnson*, plaintiff brought an action for discrimination which arose out of policies and practices which had previously been found to be discriminatory in a class action. The trial court dismissed plaintiff's suit as being barred by the prior class action. The Fifth Circuit reversed, holding that although plaintiff was a member of the class in the prior class action, due process would preclude dismissal of plaintiff's monetary claims. The prior class action had resulted in an injunction prohibiting the practices which led to the discrimination complained of and, thus, plaintiff was precluded from

seeking injunctive relief. The class action, however, sought no monetary relief on behalf of the class and the class representatives settled their individual monetary claims. The court held that although F.R. Civ.P. 23 did not require notice, due process required that some form of notice be given prior to barring plaintiff's monetary claim.

In the *Segar* case, however, plaintiffs do seek classwide monetary relief of the same nature that plaintiff in the instant action seeks. Also, the class action in *Johnson* was closed at the time plaintiff filed his suit. The issue of specific relief in *Segar*, however, has not yet been determined. If plaintiff in the instant action does not believe that his interests are being adequately represented, he may move to intervene in *Segar*. Therefore, even if the Court were to accept *Johnson*, its holding would be inapplicable to the instant case.

■ A judgment in a class action binds members of the class to the same extent as if they had been named parties. *Hansberry v. Lee*, 311 U.S. 32, 61 S.Ct. 115, 85 L.Ed. 22 (1940); 7A Wright & Miller, *Federal Practice and Procedure* § 1789 (1972). The Court finds that plaintiff is indeed a member of the class in *Segar* and, hence, is barred from relitigating those same issues. Accordingly, defendants' motion will be granted as one for summary judgment.