In the Matter of Establishment Inspection of CERRO COPPER PRODUCTS COMPANY.

No. 84-1222.

United States Court of Appeals, Seventh Circuit.

Argued Sept. 12, 1984.

Decided Jan. 2, 1985.

Supplemental Opinion March 20, 1985.

Sandra D. Lord, U.S. Dept. of Labor, Sol., Washington, D.C., for plaintiff.

William T. Weidle, Jr., Frank L. Pellergini, P.C., St. Louis, Mo., for defendant.

Before BAUER and PELL, Circuit Judges, and DUPREE, Senior District Judge *.

PER CURIAM:

The Secretary of Labor (the Secretary) appeals from the order of the District Court for the Southern District of Illinois quashing two warrants obtained by the Occupational Safety and Health Administration (OSHA) for full scope wall-to-wall safety and health inspections of the Cerro Copper Products Company (Cerro) workplace in Sauget, Illinois. The district court concluded that the warrants were overbroad and consequently violated Cerro's Fourth Amendment right against unreasonable searches. At issue on appeal is whether an administrative search warrant may authorize a plant-wide inspection where the warrant is based on an employee complaint alleging hazardous conditions in specific locations in the plant and on information obtained by OSHA showing that the company is a high hazard workplace in a high hazard industry.

In March of 1983, OSHA received a written safety and health complaint from a Cerro employee alleging that the brakes on a ten-ton crane had failed to stop the crane within a required safe distance, that employees wearing asbestos gloves had no protection against breathing the dust generated by the deterioration of the gloves due to high temperatures and that there were no procedures to prevent the gloves from becoming wet and exposing employees to burns. Upon evaluation of the complaint OSHA concluded that there were reasonable grounds to believe that the violations alleged were in fact occurring. The agency sought to conduct safety and health inspections at the workplace, but Cerro refused to permit the inspections. OSHA then applied to a magistrate for two warrants permitting it to conduct full scope wall-to-wall safety and health inspections of Cerro.

In support of the safety inspection application the Secretary stated that Cerro was deemed by OSHA to be a high risk industry since it had an industry lost workday injury (LWDI) rate of 6.0, as opposed to a 1980 national average LWDI rate of 3.9. OSHA Instruction CPL 2.25C, § E, ¶ 3. The Secretary further asserted that pursuant to CPL 2.25C the inspection would be preceded by a review of Cerro's illness and injury records, and that only if the review indicated that Cerro's LWDI rate exceeded the national average for manufacturing industries would OSHA conduct the full scope investigation.

In support of the health inspection application the Secretary asserted that OSHA's health inspection plan for the State of Illinois indicated that Cerro was in an industry which had a very great potential for health problems. OSHA Instructions CPL 2.25C, Appendix A, and CPL 2.12B. These instructions also provide that a full scope safety inspection will not be requested if one has been conducted within the previous fiscal year, nor will a full scope health inspection be requested if one has been performed within the last three years. Both of these provisions were followed by OSHA prior to the application for the search warrants.

The warrants were issued on May 6, 1983 and both inspections were begun on May 9, 1983. On May 16, OSHA filed a motion for

---

* The Honorable F.T. Dupree, Jr., Senior District Judge of the Eastern District of North Carolina, is sitting by designation.

extension of time in which to execute the warrants, citing a need for additional time to complete the inspections. Cerro filed a cross-motion to quash the unexecuted parts of the warrants. The magistrate granted OSHA's motion, but stayed any further inspection of areas other than those named in the employee complaints pending further submissions by the parties.

On May 31, the Secretary sought another extension of time to complete the inspections. In support of this motion, the Secretary cited an OSHA review of Cerro's safety record showing an LWDI rate of 14.29, as opposed to the 1981 average rate for manufacturing of 4.9. The Secretary also asserted that OSHA had found approximately thirty-two cranes in the Cerro workplace which were similar in design, operation and potential hazards to the crane described in the employee complaint. Finally, during the initial inspection of the Cerro workplace, OSHA had found approximately twenty to thirty potentially serious safety violations and other potentially serious health hazards including overexposure to noise and oil mists. The Secretary asserted that these facts warranted full scope wall-to-wall safety and health inspections of the workplace.

Cerro responded with a motion to strike, motion for evidentiary hearing, motion to stay execution of the outstanding warrant pending determination of motion to quash, and motion to quash. The magistrate heard further arguments by the parties, and on October 3, 1983 filed a report and recommendation in which it was recommended that Cerro's motion to quash be granted and that the case be dismissed. By order dated December 14, 1983, the district court adopted the report and recommendation and ordered the unexecuted portions of the warrant quashed and the action dismissed. The court found that the Secretary had failed to establish a nexus between the employee complaints and a plantwide hazard, and that CPL 2.12B did not provide sufficiently neutral criteria for the timing of a plantwide inspection. It is this decision which the Secretary appeals.

■ In order to protect an industry's Fourth Amendment right against unreasonable searches and seizures a warrant is required whenever OSHA seeks a nonconsensual inspection of that company's premises. *Marshall v. Barlow's, Inc.*, 436 U.S. 307, 98 S.Ct. 1816, 56 L.Ed.2d 305 (1978). To establish probable cause to merit an inspection, the Secretary of Labor must show: (1) specific evidence of an existing violation of the law; or (2) that neutral and reasonable legislative and administrative standards for conducting an inspection are satisfied. *Id.* at 320–21, 98 S.Ct. at 1824. The magistrate, applying these standards, concluded that there was not probable cause to issue full scope inspection warrants because the Secretary had failed to present evidence "supporting the belief by OSHA that the deleterious conditions [cited by the employee] may also be present in other portions of the facility." Magistrate's Report and Recommendation, p. 5, *citing Donovan v. Fall River Foundry Company, Inc.*, 712 F.2d 1103, 1108 (7th Cir.1983). The magistrate also concluded that CPL 2.12B did not provide a neutral and reasonable administrative standard for conducting an inspection because it provided no safeguards against the selection of an employer for improper reasons. With respect to the latter conclusion, the magistrate relied heavily on the opinion of the District Court for the Eastern District of Missouri in *In Re Inspection of the Workplace Located at 526 Catalan Street, St. Louis, Missouri, Under the Control or Custody of Carondelet Coke Corporation*, Civil No. 83–3175 (E.D.Mo.1982), in which Magistrate David C. Noce, presiding pursuant to 28 U.S.C. § 636(c), limited the scope of an OSHA administrative search warrant for a safety inspection to those areas of the facility which were the subject of employee complaints. Magistrate Noce expressly found that CPL 2.12B was overbroad in that it was

not sufficiently neutral enough to prevent searches originating out of motives other than a concern for health and safety. Unlike the other administrative plans upheld as valid, CPL 2.12B originates with a specific complaint. Ordinarily, a broad search is permitted pursuant to an administrative plan because the exact location of existing violations cannot be known before the workplace is entered. *Ingersoll-Rand, supra.* [*Ingersoll-Rand Company v. Donovan*, 540 F.Supp. 222 (M.D.Pa.1982).] Section J attempts to justify a broad search in high-hazard industries with above-average lost workday rates on the basis of the filing of a complaint. The filing of a complaint taints the neutrality of the plan. The selection of the worksite to be inspected is not a random selection pursuant to a plan which limits OSHA's dis-

cretion, but rather is based solely upon a complaint. CPL 2.12B is neither reasonable nor neutral because it provides no safeguards against the selection of an employer for improper reasons. A broad scope search is not justified on the basis of CPL 2.12B.

Recently, however, the district court's opinion in *Carondelet* was reversed by the Eighth Circuit Court of Appeals. *Appeal of Carondelet Coke Corporation*, 741 F.2d 172 (8th Cir.1984). Labeling its decision a middle or moderate approach to the question of administrative search warrants, the Eighth Circuit held that the determination of whether a general warrant should be issued must be assessed on a case-by-case basis.

> We do not hold today that CPL 2.12b is a regulation, which, if followed in every case it arguably applies to, will produce a wall-to-wall search comporting with the fourth amendment. Rather, we simply hold that on the facts of this case a wall-to-wall search was not unreasonable...."

*Id.* at 177.

The court identified these five factors which indicated that CPL 2.12B was applied neutrally in that case:

1. The district court expressly rejected the argument that the employee complaint was motivated by a desire to harass the employer;

2. The nature of the business at the facility, as well as its safety record, qualified it for a programmed wall-to-wall search;

3. Under CPL 2.25C, a full scope safety inspection would not be carried out if one had been performed within the past fiscal year;

4. OSHA's statement that the facility would have been due for a programmed search within several months even if the complaint had not been filed; and

5. The public interest in the maximization of OSHA's limited resources.

Finding that all of these factors weighed in the Secretary's favor, the Eighth Circuit reversed the decision of the district court and remanded with directions to issue the search warrant.

█ We agree with this approach. As this court stated in *Fall River, supra.* *Burkart Randall [Burkart Randall Division of Textron, Inc. v. Marshall*, 625 F.2d 1313 (7th Cir.1980)] does not man-

date that employee complaints always justify issuance of a general warrant authorizing the inspection of an entire facility about which complaints have been received by OSHA. If the Secretary chooses to seek such a full-scale warrant, there should be some showing by the Secretary as to why such a broad warrant is appropriate in that particular case.

The Secretary has successfully made such showing in this case. Four of the five factors outlined by the Eighth Circuit favor his position. There is no evidence of harassment in the filing of the employee complaint; the evidence showing Cerro to be a high hazard workplace in a high hazard industry is unrefuted; there had not been a full scope wall-to-wall safety inspection within the previous fiscal year; and OSHA's limited resources will be conserved by allowing a full scope inspection at this time. The only factor not present is No. 4, that is, no programmed inspection of the workplace was imminent, but it is also true that pursuant to CPL 2.25, § I, ¶ 2c, OSHA had not conducted a full scope wall-to-wall health inspection at Cerro within the previous three years. Given all the factors supporting the Secretary's position, the wall-to-wall search instituted upon the filing of the employee complaint was not unreasonable under the facts of this case.

Accordingly, the decision of the district court quashing the warrants is reversed and the action is remanded with directions to approve full scope wall-to-wall safety and health inspection warrants.

PELL, Circuit Judge, dissenting.

Notwithstanding OSHA's speculative assertions that it would have made a plant-wide inspection of the Cerro facility in any event, the fact remains that the inspection procedure was triggered by an employee's specific complaint directed basically against a crane operation. Because it appears to me that the district court reached a correct result in heading off this particular fishing expedition sought by OSHA, I am in disagreement with the majority and respectfully dissent.

One fact, it seems to me, stands out in this record more than all others, and that is in the inspection that was actually made OSHA found some 32 cranes which by similarity of design and operation were potential hazards. There also was, of course, a

general reference to other serious health hazards including overexposure to noise and oil mist. There is no showing, however, that any of these hazards were associated with any part of the facility other than those pertaining to the operation of the cranes.

This court in *Donovan v. Fall Rivers Foundry Co., Inc.*, 712 F.2d 1103 (7th Cir. 1983), stated a principle which I think should be applicable to bridle the uncontrolled searching discretion which OSHA inspectors apparently would prefer to exercise. That statement of principle is simply stated and is as follows:

> If a general warrant is sought, there should be some evidence presented to the magistrate supporting the belief by OSHA that the deleterious conditions may also be present in other portions of the facilities."

Id. at 1108.

That having not been done here, we have resort only to the asserted claim of OSHA that this industry was in an extra-hazardous category which was on the basis of certain claimed statistical data. Again there is no showing, however, that the incidence of injuries reflected by the particular statistics of this plant are not all confined to the area in which the cranes operated.

We, of course, must concede that when an inspection team has gone into a plant it is an economical use of government personnel while they are there to make a sweeping, ferreting inspection of the entire establishment, irrespective of any probable cause. It is also true that a dragnet operation may prove to find a wanted criminal even though no probable cause exists for the particular search. Someplace along the line, efficient, as well as possible result production, must give away to individual constitutional rights.

The magistrate who heard this matter originally and whose recommendation was adopted by the district court expressed concern that in this particular case there existed the possibility that the specific employee complaint was pretextually utilized to conduct a plant-wide investigation. I concur in that analysis and would affirm the district court which sought to prevent a plant-wide sweep without sufficient justification.

## SUPPLEMENTAL OPINION

PER CURIAM: On January 2, 1985, this court filed its opinion reversing the decision of the district court and remanding the action with directions to approve full scope wall-to-wall safety and health inspection warrants on the appellee's workplace. Two days later, the court received a letter from the appellee's counsel, dated December 26, 1984, with an attached decision of the Occupational Safety and Health Review Commission declining to review the opinion of an administrative law judge holding that OSHA's search of the Cerro Copper workplace had violated appellee's Fourth Amendment rights and ordering that all evidence pertaining to any alleged violation other than the two initial employee complaint items be suppressed. Treating these materials as a Circuit Rule 11 communication, the court directed the parties to submit simultaneous responses setting forth their contentions regarding the significance of this administrative order. The parties have filed their respective briefs, and the matter is now ripe for ruling.

The question which the court must consider is whether the decision of OSHRC should in any way affect this court's opinion reversing the district court's decision quashing the administrative warrants. Upon review of the parties' memoranda and the relevant case law, we conclude that it should not. An unreviewed ALJ decision does not bind the OSHRC or the courts as precedent. *See Faultless Division v. Secretary of Labor*, 674 F.2d 1177, 1188 n.20 (7th Cir.1982); *Fred Wilson Drilling Company, Inc. v. Marshall*, 624 F.2d 38, 40 (5th Cir.1980); *Willamette Iron and Steel Company v. Secretary of Labor*, 604 F.2d 1177, 1180 (9th Cir.1979), *cert. denied*, 445 U.S. 942 (1980), *cf., Leone Construction Company*, 1975–76 OSHA (CCH) ¶ 20,387 (No. 4090, 1976). Furthermore, upon review of the ALJ's decision, we remain convinced that the warrants for full-scope wall-to-wall searches should be issued. Accordingly, we decline to reconsider our opinion reversing the decision of the district court.

Judge PELL has informed us that for the reasons set out in his dissent to the original majority opinion, he dissents from this order.

It is

SO ORDERED.