**UNITED STATES SECRETARY OF LABOR, Petitioner,**

v.

**CERRO COPPER PRODUCTS COMPANY, and Occupational Safety and Health Review Commission, Respondents.**

No. 85–1033.

United States Court of Appeals, Seventh Circuit.

Submitted April 14, 1986.*

Decided April 22, 1986.

Opinion July 2, 1986.**

Andrea C. Casson, U.S. Dept. of Labor, Washington, D.C., for petitioner.

---

* After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." *See* Rule 34(a), Fed.R.App.P.; Circuit Rule 14(f). Respondents have filed such a statement and requested oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record.

** This case was previously decided by unpublished order according to Circuit Rule 35. The petitioner moved for publication of the order as an opinion. The motion is hereby granted.

William T. Weidle, Jr., St. Louis, Mo., for respondents.

Before CUMMINGS, Chief Judge, and BAUER and CUDAHY, Circuit Judges.

PER CURIAM.

The Secretary of Labor (Secretary) petitions for review, pursuant to 29 U.S.C. §§ 660(a), (b), of the December 6, 1984, final order of the Occupational Safety and Health Review Commission (Commission) suppressing all evidence obtained through two search warrants. An Administrative Law Judge (ALJ) held these warrants invalid because they were overbroad and consequently violated Cerro's fourth amendment right against unreasonable searches. Reviewing the petition before us, we reverse the Commission's order.

### A.

On January 2, 1985, this court reversed the district court's decision which had quashed two warrants obtained by the Occupational Safety and Health Agency (OSHA) for full scope wall-to-wall safety and health inspections of the Cerro workplace in Sauget, Illinois. We remanded the action with directions to approve these warrants. *In re Establishment Inspection of Cerro Copper Products*, 752 F.2d 280, 284 (7th Cir.1985) (per curiam). Two days after our decision, the court received a Circuit Rule 11 communication from Cerro with an attached decision of the Commission. The Commission declined to review the opinion of an ALJ's holding that OSHA's search of Cerro had violated Cerro's fourth amendment rights and thus suppressed all evidence which pertained to any alleged violation other than two initial employee complaint items.[1] In a supplemental opinion, this court held that the decision of the Commission did not in any way affect our opinion reversing the district court, and we remained convinced that the warrants for full scope wall-to-wall searches should still be issued. *In re Establishment Inspection of Cerro Copper Products*, 752 F.2d at 284.

In this petition, the Secretary asks us to review the Commission's order vacating the citation issued by OSHA as a result of the inspection conducted pursuant to the challenged warrant. While we acknowledge the maxim that agency orders should not be set aside if supported by substantial evidence, *NLRB v. Harvstone Manufacturing Corp.*, 785 F.2d 570, 574 (7th Cir. 1986), it is clear that this Commission's decision should be reversed under the doctrine of res judicata, the elements of which we discussed recently in *Cannon v. Loyola University of Chicago*, 784 F.2d 777, 779 (7th Cir.1986). Res judicata is designed to prevent parties from relitigating issues that have already been decided. We upheld the validity of the identical warrant involved in the administrative case on this appeal in *Cerro, supra*, and we see no reason to alter this decision now.

Besides raising issues it did not raise before the ALJ,[2] Cerro fails to adequately contest the Secretary's arguments regarding the application of res judicata. Instead, Cerro provides this court with meritless contentions.[3] Because (1) the parties to this suit are the same as those in *Cerro*,

---

**1.** In March of 1983, OSHA received a written safety and health complaint from a Cerro employee alleging that the brakes on a ten-ton crane had failed to stop the crane within a required safe distance, that employees wearing asbestos gloves had no protection against breathing the dust generated by the deterioration of the gloves due to high temperatures, and that there were no procedures to prevent the gloves from becoming wet and exposing the employees to burns.

**2.** On appeal, Cerro argues that *all* evidence obtained as a result of the inspection be suppressed. Because of Cerro's failure to present these arguments to the ALJ, it waives these issues on appeal. *City of Chicago v. U.S. Dept. of Labor*, 753 F.2d 606 (7th Cir.1985).

**3.** Cerro focuses its argument on the application for the warrant, claiming that "it was written either intentionally or recklessly to create a substantially false impression. The instrument was drafted virtually in passive voice, on information and belief, identifying only the categories of the declarants, attaching impressive but unauthenticated documents, and speaking in conclusion."

*supra,* (2) this suit alleges the identical cause of action as in *Cerro, supra,* (3) and we entered a valid final judgment on the merits in *Cerro, supra, see Federated Department Stores v. Moitie,* 452 U.S. 394, 398, 101 S.Ct. 2424, 2427–28, 69 L.Ed.2d 103 (1981) (requirements for res judicata), this court reverses the Commission's decision and again remands with directions to approve the safety and health inspection warrants.

REVERSED AND REMANDED.