**Mary J. FONTANA, Michael A. Macino and Peter G. Polmen, Plaintiffs-Appellants,**

v.

**Richard J. ELROD, Defendant-Appellee.**

No. 86–1841.

United States Court of Appeals, Seventh Circuit.

Argued Oct. 22, 1986.

Decided Aug. 19, 1987.

Kimberely A. Sutherland, Chicago, Ill., for plaintiffs-appellants.

Randolph T. Kemmer, Richard M. Daley, Chicago, Ill., for defendant-appellee.

Before COFFEY and RIPPLE, Circuit Judges, and ESCHBACH, Senior Circuit Judge.

RIPPLE, Circuit Judge.

Appellants, former employees of the Cook County Sheriff's Office, are members of the class certified in *Burns v. Elrod*. After their petition to file a late claim in the class settlement was denied on the ground that the notice to the class of the settlement had been adequate, *Burns v. Elrod*, 757 F.2d 151, 154 (7th Cir.1985), they commenced a new class action on behalf of former employees of the Sheriff's Office who were not included in or did not receive notice of the settlement in *Burns*. In this suit, the appellants sought the same relief as was requested in the original case. The district court dismissed the complaint. We affirm.

## I

## Background

To understand the procedural history of this case, we must review the background and disposition of the original class action in *Burns.* In January and February 1971, the appellants were discharged from their positions with the Sheriff's Office after the appellee, Sheriff Elrod, a Democrat, replaced the incumbent Sheriff, a Republican, in December 1970. On March 10, 1971, other employees of the Sheriff's Office initiated a class action. They alleged that the Sheriff had discharged them for political reasons in violation of the first and fourteenth amendments. The complaint sought injunctive and declaratory relief, back pay, reinstatement and punitive damages. The district court dismissed the complaint. The dismissal was reversed by this court, *Burns v. Elrod,* 509 F.2d 1133 (7th Cir. 1975), and this court's decision was affirmed by the Supreme Court, *Elrod v. Burns,* 427 U.S. 347, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976). On remand, the district court certified the class under Rule 23(b)(2) of the Federal Rules of Civil Procedure. The present appellants, while not named plaintiffs, were members of the class.

Prior to trial, a settlement agreement was reached which, while it somewhat narrowed the class, still included the present plaintiffs. The district court ordered that notice be sent to each member of the class.[1] The district court later determined that the best practicable notice had been provided and, following a fairness hearing, approved the settlement on June 26, 1981.

On January 25, 1983, more than a year and a half after the deadline, the appellants petitioned to file their late claims. After the petitions were denied by the district court on May 31, 1983, they appealed to this court on the ground that the notice of settlement provided to class members was inadequate. This court determined that the notice given the class was adequate and affirmed the district court's denial of the petition to file a late claim. *Burns v. Elrod,* 757 F.2d 151 (7th Cir.1985).

The appellants then filed this action in the district court. The court dismissed the complaint on the ground of res judicata.[2]

---

**1.** This court described the notice that was provided as follows:

Defendants identified prospective class members by comparing a list of employees who had worked for the Sheriff's Office in December, 1970 with a similar list for December, 1972. The parties considered any employee whose name appeared on the first list, but not the second, a prospective class member. This procedure generated approximately 700 names and addresses. The addresses, obtained from old payroll sheets, were over ten years old. Because of the likelihood that many class members had changed their addresses during the ten-year pendency of the case, the order also required the parties to immediately ascertain any later known address, if any, of each prospective class member who failed to receive the notice when mailed on or before April 27, 1981. By May 14, 1981, the defendants shall cause a second mailing to be made of the notice to each prospective class member who failed to receive the first mailing (on or before April 27, 1981) and for whom a later known address has been ascertained.

Moreover, defendants had to place two extensively detailed display-type advertisements containing information about the proposed settlement in each of the two Chicago daily newspa-

pers. A June 5, 1981 deadline was imposed for filing claim applications.

The first wave of individual notices was mailed and the advertisements were placed in the newspapers. The post office returned over 500 of the 700 mailings as undeliverable, primarily because of incorrect addresses. Defendants failed to take any steps to update the addresses or otherwise locate the 500 prospective class members. Plaintiffs, through their counsel, attempted to contact these prospective class members through a search of Chicago-area telephone directories. Their efforts located 37 prospective class members, 30 of whom expressed an interest in filing claim applications.

*Burns v. Elrod,* 757 F.2d 151, 152–53 (7th Cir. 1985) (footnote omitted).

**2.** The doctrine of res judicata "is designed to prevent parties from relitigating issues that have already been decided." *United States Secretary of Labor v. Cerro Copper Prod. Co.,* 795 F.2d 25, 26 (7th Cir.1986) (per curiam). Res judicata applies when there is "(1) a final judgment on the merits in an earlier action; (2) an identity of the cause of action in both the earlier and the later suit; and (3) an identity of parties or their privies in the two suits." *Spiegel v. Continental Ill. Nat'l Bank,* 790 F.2d 638, 645 (7th Cir.), *cert. denied,* —— U.S. ——, 107 S.Ct. 579, 93 L.Ed.2d 582 (1986).

It held that the prior litigation, which determined that notice of the settlement had been adequate, barred the appellants from filing another suit. *Fontana v. Elrod,* No. 85 C 2424, mem. op. at 7 (N.D.Ill. Apr. 25, 1986) [Available on WESTLAW, DCT database]; R.22 at 7 [hereinafter cited as Mem. op.].

## II

### Discussion

The district court decided this case on the defendant's motion to dismiss. In reviewing the district court's dismissal, the factual allegations in the plaintiffs' complaint must be accepted as true. *International Caucus of Labor Comm. v. City of Chicago,* 816 F.2d 337, 340 (7th Cir.1987). "[D]ismissal is therefore only proper where 'it appears beyond doubt that [the plaintiffs] can prove no set of facts in support of [their] claims which would entitle [them] to relief.'" *Pryzina v. Ley,* 813 F.2d 821, 822 (7th Cir.1987) (per curiam) (quoting *Fromm v. Rosewell,* 771 F.2d 1089, 1091 (7th Cir. 1985), *cert. denied,* 475 U.S. 1012, 106 S.Ct. 1188, 89 L.Ed.2d 304 (1986)). Accordingly, we review the district court's holding *de novo.*

### A.

In dealing with the situation presented by this litigation, the district judge hardly was faced with an "ordinary" problem in complex litigation. There is nothing "ordinary" about a case that endures for nearly two decades and produces the convoluted procedural history before us here. In resolving the dispute before him, the district judge had to work with rules crafted for far more "ordinary" situations and arrive at a solution that was in harmony with the purpose of those rules. We believe he was successful.

Analysis of the problem presented by this case becomes significantly easier when we recognize several basic factors. First, the appellants clearly are members of the class certified by the district court in 1980. Second, the district court required that all members of that class be given, to the extent it was possible, individual notice of the settlement. As the district court noted, "[t]here cannot be much question that if the plaintiffs had received notice and if they thought the settlement was unfair, their only recourse would have been to raise objections at the fairness hearing and to pursue them on appeal if they were not sustained." Mem. op. at 5.

Appellants' failure to participate in the settlement and to raise whatever objections they had to the settlement at the fairness hearing was due, they allege, to the lack of notice. They brought their complaint with respect to the adequacy of notice to this court and this court held—albeit in what it termed "a close one"—that defendants' attempts at notice had been reasonable. 757 F.2d at 154.

### B.

The simple recitation of these factors should end the matter. The appellants are members of the *Burns* class and are bound by the terms of the settlement because notice to the class was reasonable. Nevertheless, the appellants submit that, at this late date, they can begin anew and commence a class action, making the same allegations as those made in the original action. In their view, the following analysis supports that conclusion. First, they note that the limitations period was tolled from the filing of the class action in the original *Burns* litigation. *See Crown Cork & Seal Co. v. Parker,* 462 U.S. 345, 103 S.Ct. 2392, 76 L.Ed.2d 628 (1983); *American Pipe and Constr. v. Utah,* 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974). Because they never received actual notice of the suit or its settlement, the limitations period continued to be tolled. This court's determination that they "are too late to participate in the settlement pie," Appellant's Br. at 12, does not, they contend, bar their bringing a new action. In support of this conclusion, they rely upon the following passage from this court's earlier opinion holding that the methodology for notifying the class was reasonable:

> Petitioners finally argue that denial of their claims violates their due process

rights. Due process requires that class members generally must receive notice of the terms of settlement. *See Eisen, supra,* 417 U.S. at 173–77, 94 S.Ct. at 2150–52; *Simer v. Rios,* 661 F.2d 655, 666–67 (7th Cir.1981); *Johnson v. General Motors Corp.,* 598 F.2d 432, 436–38 (5th Cir.1979). Absent such notice, courts have held that the entry of judgment in a (b)(2)-type class action does not bar an unnotified class member from seeking damages in a later suit arising out of the same injuries complained of in the original class action. *See Crowder v. Lash,* 687 F.2d 996, 1008–09 (7th Cir. 1982) (dictum); *Johnson, supra. Cf. Cotton v. Hutto,* 577 F.2d 453, 454 (8th Cir.1978); *Jones-Bey v. Caso,* 535 F.2d 1360, 1361–62 (2d Cir.1976). But petitioners do not seek to file a new action; rather, they belatedly want to share in the settlement pie. Due process does not require this under the circumstances of this case.

*Burns,* 757 F.2d at 156 (footnote omitted).

In our view, the appellants make this passage, clearly *dicta* in the court's overall discussion, bear far more weight than it was ever meant to carry. Class actions under Fed.R.Civ.P. 23(b)(2), such as *Burns,* are primarily designed for injunctive and declaratory relief and, when employed in this fashion, do not require notice nor an opportunity to opt out of the class.[3] However, when monetary damages are sought in a (b)(2) class action, "due process does require notice before the individual monetary claims of absent class members may be barred." *Johnson v. General Motors Corp.,* 598 F.2d 432, 433 (5th Cir.1979). While the notice must be adequate, it is not necessary that each member of the class actually receive that notice. "[A]n absent class member will be bound by any judgment that is entered if appropriate notice is given, even though that individual never actually received notice." 7B C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 1789, at 253 (2d ed. 1986).

---

**3.** By contrast, a class action brought under Fed. R.Civ.P. 23(b)(3) requires mandatory notice and an opportunity to opt out of the class. *See* 3B J.

Here, as the district court pointed out, "individual monetary recovery was both sought and obtained in the original action." Mem. op. at 7. Moreover, as this court determined in the earlier appeal, notice comporting with due process was given to members of the class. *Burns,* 757 F.2d at 156. We cannot reopen that determination at this point. Accordingly, under the circumstances of this case, the appellants cannot, at this late date, commence another action.

### Conclusion

Because we conclude that the principle of res judicata bars the appellants from filing their class action suit, we affirm the judgment of the district court.

AFFIRMED

Moore & J. Kennedy, *Moore's Federal Practice* ¶ 23.40[4], at 23–277 (2d ed. 1987).