Paul TETZLAFF, Plaintiff,

v.

Vincent SWINNEY, Sheriff, Defendant.

No. CV–N–87–202–ECR.

United States District Court,
D. Nevada.

Dec. 18, 1987.

---

Joseph R. Plater, Reno, Nev., for plaintiff.

Mills Lane, Washoe County Dist. Atty., Reno, Nev., for defendant.

## ORDER

EDWARD C. REED, Jr., Chief Judge.

This is an action brought *pro se* under 42 U.S.C. § 1983 by Paul Tetzlaff against Vincent Swinney, the Sheriff of Washoe County, Nevada. The complaint alleges violations of plaintiff's constitutional rights as a result of conditions in the Washoe County Jail between January 21, 1985, and March 19, 1987. Specifically, plaintiff asserts that he was, during the said time, subjected to cruel and unusual punishment and denied access to the courts. Plaintiff seeks a declaratory judgment "that confinement in a tank at the Washoe County Jail 24 hours a day, 7 days a week, with no outside recreation is a violation of the Eighth Amendment right to be free from cruel and unusual punishment;" a declaratory judgment "that confinement in the Washoe County Jail without access to a law library or legal reference materials is a violation of the First Amendment right to access to the court;" $25,000 in compensatory damages; and $50,000 in punitive damages.

On May 14, 1987, the defendant filed a Motion to Dismiss (docket # 4). That motion is based on defendant's argument that a consent decree approved in the case of *Johnson v. Galli*, No. CV–R–82–79–ECR, on February 26, 1986, is res judicata to the claims of the plaintiff in the present action. Defendant cites *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 105 S.Ct. 2965, 86 L.Ed.2d 628 (1985). Defendant also points to the case of *Witherow v. Swinney*, No. CV–N–86–48–HDM, which is pending before another judge of this court. When the present Motion to Dismiss was filed, an order of dismissal similar to that sought here was on appeal to the Ninth Circuit Court of Appeals in the *Witherow* case. The Court has learned that the said appeal has been disposed of by a memorandum order, which is of no precedential value.

*Johnson v. Galli* was an action brought by prisoners of Washoe County attacking the conditions in the Washoe County Jail. The complaint stated: "Plaintiffs, pursuant to Rule 23(a) and (b)(2) of the Federal Rules of Civil Procedure, bring this action on behalf of themselves and all others similarly situated and affected." The complaint sought injunctive and declaratory relief. On May 13, 1982, the district court certified the *Johnson* action as a class action. The certification was clearly made under Fed.R. Civ.P. 23(a) and (b)(2). The plaintiff class in *Johnson* included "all persons who are now or will be confined in the Washoe County Jail." *Johnson*, CV–R–82–79– ECR, Order of May 13, 1982. Because the *Johnson* action was a 23(b)(2) class action, notice to plaintiff class members was a matter of court discretion. Fed.R.Civ.P. 23(d)(2); *cf.* Fed.R.Civ.P. 23(c)(2) (the best notice practicable under the circumstances is mandatory in 23(b)(3) class actions). In *Johnson*, notice of the pendency of the suit was not provided to plaintiff class members. On February 26, 1986, the district court entered its approval of a consent decree in *Johnson*. Notice of the consent decree had been given to plaintiff class members by posting at the Washoe County Jail. The consent decree dealt explicitly with the issues of inmate recreation and exercise and inmate access to legal materials at the Washoe County Jail. *See Johnson*, CV–R–82–79–ECR, Consent Decree (docket # 131), pages 8–11.

A judgment entered in a class action lawsuit may be a bar to a later action by a member of the class concerning the same matters as the class action lawsuit. Before the bar of res judicata may be applied to the claim of a class member, however, it must be determined that invocation of the bar would be consistent with the plaintiff's right to due process of law. *Hansberry v. Lee*, 311 U.S. 32, 61 S.Ct. 115, 85 L.Ed. 22 (1942).

The case at bar is one for declaratory relief, injunctive relief, and damages.

Plaintiff's claims for declaratory relief and injunctive relief are barred by the consent decree entered in *Johnson v. Galli*, which was a class action under Fed.R.Civ.

P. 23(b)(2) for injunctive and declaratory relief. Such res judicata effect is consistent with due process. *See Johnson v. General Motors Corp.*, 598 F.2d 432, 438 (5th Cir.1979). The plaintiff in the case at hand was a class member in *Johnson v. Galli.* The *Johnson* consent decree dealt with the issues plaintiff raises in the present case. To the extent the plaintiff seeks injunctive or declaratory relief in his present action, he is barred by the consent decree in *Johnson v. Galli.* Those claims must be dismissed.

Plaintiff's claims for damages, however, are not barred. While due process allows a class member who received no notice of a 23(b)(2) class action to be barred from later seeking further declaratory or injunctive relief, courts hold that such a class member may not be barred from later seeking damages. *Wright v. Collins,* 766 F.2d 841, 847–49 (4th Cir.1985); *Johnson v. General Motors Corp.,* 598 F.2d 432, 436–38 (5th Cir.1979); *Pearson v. Easy Living, Inc.,* 534 F.Supp. 884, 891–92 (S.D.Ohio 1981). In the case at hand, where plaintiff was a member of the plaintiff class in a previous 23(b)(2) class action and where notice of the pendency of that class action was not provided to members of the plaintiff class, the consent decree approved by the court in that prior action cannot, consistent with due process of law, bar the plaintiff's claims for damages in the present case. To the extent that plaintiff seeks damages, defendant's motion to dismiss must be denied.

IT IS, THEREFORE, HEREBY ORDERED that, to the extent plaintiff seeks injunctive and declaratory relief, defendant's Motion to Dismiss (docket # 4) is GRANTED. Plaintiff's claims for injunctive and declaratory relief are DISMISSED.

IT IS FURTHER ORDERED that, to the extent plaintiff seeks damages, the defendant's Motion to Dismiss (docket # 4) is DENIED.