**Opinion issued October 16, 2014**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-14-00068-CV

————————————

## IN RE ALLSTATE COUNTY MUTUAL INSURANCE COMPANY, Relator

---

## Original Proceeding on Petition for Writ of Mandamus

---

## O P I N I O N

Relator, Allstate County Mutual Insurance Company, seeks a writ of mandamus compelling the trial court to (1) vacate its December 10, 2013 order denying Allstate's motion to sever and abate extra-contractual and bad faith claims asserted against it and (2) enter an order severing and abating those extra-contractual and bad faith claims until the breach of contract claim brought by the real parties in interest, Raymond Briers, Jr. and Stacy Briers (collectively, Briers),

individually and as representatives of the estate of Grant Briers, has been resolved.[1] We partially grant relief.

## Background

The Briers' minor son, Grant, was riding in a vehicle driven and owned by DaYonajja Williams when the vehicle was involved in a single-vehicle automobile collision. Grant died as a result of the automobile accident. Following Grant's death, the Briers filed a claim for underinsured motorist benefits with Allstate, pursuant to a business auto policy issued by Allstate to Raymond Briers Jr.'s employer, T&R Pipeline Services, Inc. Allstate denied the Briers' claim, stating that neither Raymond nor Grant was an "insured" under the policy and therefore they were not covered for an underinsured motorist claim.

The Briers then filed suit against Allstate, seeking a declaratory judgment stating that the Briers were covered by the policy and alleging, in a paragraph styled "Breach of Contract," that Allstate breached the underinsured motorist provisions of the insurance contract. The Briers also asserted the following extra-contractual causes of action: (1) that Allstate acted in bad faith by failing to settle or make a good faith attempt to settle the claim, which the Briers styled as "Bad

---

[1] The underlying case is *Raymond Briers, Jr. and Stacy Briers, Individually, and as Representatives of the Estate of Grant Briers, Deceased v. Allstate County Mutual Insurance Company, Insurance Network of Texas, Eddie Croix Insurance Agency, Inc., and Randy S. Croix*, cause number 12-DCV-198995, pending in the 240th District Court of Fort Bend County, Texas, the Hon. Pedro Ruiz presiding.

2

Faith"; (2) that Allstate engaged in unfair settlement practices by failing to make a good faith settlement offer, in violation of Texas Insurance Code section 541.060(a)(2), styled as "Unfair Settlement Practices"; and (3) that Allstate failed to properly investigate, evaluate, and pay the Briers' claim, in violation of Texas Insurance Code section 541.060(a)(7), styled as "Failure to Promptly Pay Claims" (collectively, "settlement claims").

The Briers further alleged, in the event the trial court determined that they were not covered by the underinsured motorist provisions in the policy, the following alternative causes of action: (1) that Allstate, Insurance Network of Texas, Eddie Croix Insurance Agency, Inc., and Randy Croix made material misrepresentations of fact and of law and failed to disclose a matter required to be disclosed, in violation of Texas Insurance Code section 541.061(3), (4), and (5), which they styled as "Misrepresentation of the Insurance Policy"; and (2) that Allstate, Insurance Network of Texas, Eddie Croix Insurance Agency, Inc., and Randy Croix violated the Deceptive Trade Practices Act by representing that the Briers were covered under the policy, when they were not, styled as "Violations of the DTPA" (collectively, "misrepresentation claims").

Allstate filed a motion to sever the extra-contractual claims from the breach of contract claim and abate those claims until the preliminary issue of coverage

could be decided. The trial court denied the motion. Allstate filed this petition for a writ of mandamus, seeking to compel severance and abatement.

## Standard of Review

We may issue a writ of mandamus to correct a trial court's clear abuse of discretion or violation of a duty imposed by law when no adequate remedy by appeal exists. *See Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). A clear abuse of discretion occurs when the trial court's decision is so arbitrary and unreasonable that it amounts to clear error. *See id.* (quoting *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985)). Because a trial court has no discretion in determining what the law is, the trial court abuses its discretion if it clearly fails to analyze or apply the law correctly. *See id.* at 840. "To satisfy the clear abuse of discretion standard, the relator must show 'that the trial court could reasonably have reached only one decision.'" *Liberty Nat'l Fire Ins. Co. v. Akin*, 927 S.W.2d 627, 630 (Tex. 1996) (orig. proceeding) (quoting *Walker*, 827 S.W.2d at 840).

"In determining whether appeal is an adequate remedy, [we] consider whether the benefits outweigh the detriments of mandamus review." *In re BP Prods. N. Am., Inc.*, 244 S.W.3d 840, 845 (Tex. 2008) (orig. proceeding). We also consider "whether mandamus will spare litigants and the public 'the time and money utterly wasted enduring eventual reversal of improperly conducted

proceedings.'" *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding) (quoting *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding)).

**Severance of Extra-Contractual and Bad Faith Claims**

Texas Rule of Civil Procedure 41 governs severance of claims. *See* TEX. R. CIV. P. 41. The rule provides, in part, that "[a]ny claim against a party may be severed and proceeded with separately." *Id.* Claims are properly severable if: (1) the controversy involves more than one cause of action; (2) the severed claim is one that would be the proper subject of a lawsuit if independently asserted; and (3) the severed claim is not so interwoven with the remaining action that it involves the same facts and issues. *Guar. Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 658 (Tex. 1990). The controlling reasons to allow a severance are to avoid prejudice, do justice, and promote convenience. *F.F.P. Op. Partners, L.P. v. Duenez*, 237 S.W.3d 680, 693 (Tex. 2007).

The trial court has "broad" discretion in the severance of causes of action. *Morgan v. Compugraphic Corp.*, 675 S.W.2d 729, 734 (Tex. 1984); *Black v. Smith*, 956 S.W.2d 72, 75 (Tex. App.—Houston [14th Dist.] 1997, orig. proceeding). However, that discretion is not unlimited. *See U.S. Fire Ins. Co. v. Millard*, 847 S.W.2d 668, 671 (Tex. App.—Houston [1st Dist.] 1993, orig. proceeding). The trial court has a duty to order severance when "all of the facts

5

and circumstances of the case unquestionably require a separate trial to prevent manifest injustice, and there is no fact or circumstance supporting or tending to support a contrary conclusion, and the legal rights of the parties will not be prejudiced thereby . . . ." *Womack v. Berry*, 291 S.W.2d 677, 683 (Tex. 1956) (orig. proceeding).

In the context of insurance cases, a "breach of an insurance contract claim is separate and distinct from bad faith, Insurance Code or DTPA causes of action. Uninsured motorist claims and bad faith claims have been recognized as separate and distinct causes of action which might each constitute a complete lawsuit within itself." *Millard*, 847 S.W.2d at 672 (internal citations omitted); *see Akin*, 927 S.W.2d at 629; *In re Am. Nat'l Cnty. Mut. Ins. Co.*, 384 S.W.3d 429, 433 (Tex. App.—Austin 2012, orig. proceeding); *In re United Fire Lloyds*, 327 S.W.3d 250, 254 (Tex. App.—San Antonio 2010, orig. proceeding). "But, in most circumstances, an insured may not prevail on a bad faith claim without first showing that the insurer breached the contract." *Akin*, 927 S.W.2d at 629; *see also In re Progressive Cnty. Mut. Ins. Co.*, No. 01-14-00199-CV, 2014 WL 2618298, at *4 (Tex. App.—Houston [1st Dist.] June 12, 2014, orig. proceeding) (stating that "extra-contractual liability could only accrue if [insurer] is found liable on the contract"); *In re Old Am. Cnty. Mut. Fire Ins. Co.*, No. 13-12-00700-CV, 2013 WL 398866, at *4 (Tex. App.—Corpus Christi Jan. 30, 2013, orig. proceeding) ("[T]o

6

prevail on their extra-contractual claims against Old American, plaintiffs must first demonstrate that Old American was contractually obligated to pay their uninsured motorist claim."); *In re State Farm Mut. Auto. Ins. Co.*, 395 S.W.3d 229, 238 (Tex. App.—El Paso 2012, orig. proceeding) (quoting *Smith v. Allstate Ins.*, No. H-03-0651, 2007 WL 677992, at *5 (S.D. Tex. Feb. 27, 2007)) ("Texas insurance law generally conditions recovery for bad faith and extracontractual claims on a recovery for breach of the insurance contract itself."). And, in insurance cases involving bad faith claims, the Texas Supreme Court has recognized that severance may be necessary if the "insurer has made a settlement offer on the disputed contract claim" or if there are "other compelling circumstances." *Akin*, 927 S.W.2d at 630.

There is no evidence in the record that Allstate made a settlement offer to the Briers. Nevertheless, Allstate argues that there are "other compelling circumstances" requiring severance of the extra-contractual claims in this case, namely, the time, effort, costs, and judicial resources associated with litigating and preparing for trial on extra-contractual claims that have not yet accrued because the Briers have not yet established a contractual right to recovery on the breach of contract claim.

Because the settlement claims asserted solely against Allstate differ from the misrepresentation claims asserted against Allstate, Insurance Network of Texas,

Eddie Croix Insurance Agency, Inc., and Randy Croix, we will consider the settlement claims separately from the misrepresentation claims.

*Severance of the Settlement Claims Is Mandatory*

In their settlement claims, the Briers allege that Allstate acted in bad faith by failing to settle their contractual claim, that Allstate failed to make a good faith settlement offer, and that Allstate failed to properly investigate their contractual claim.

An insurer generally cannot be liable for failing to settle or investigate a claim that it has no contractual duty to pay. *See Progressive Cnty. Mut. Ins. Co. v. Boyd*, 177 S.W.3d 919, 922 (Tex. 2005); *Akin*, 927 S.W.2d at 629 ("But, in most circumstances, an insured may not prevail on a bad faith claim without first showing that the insurer breached the contract."); *In re Old Am. Cnty. Mut. Fire Ins. Co.*, 2013 WL 398866, at *4; *In re State Farm Mut. Auto. Ins. Co.*, 395 S.W.3d at 237–38; *In re Am. Nat'l Cnty. Mut. Ins. Co.*, 384 S.W.3d at 437–38; *In re United Fire Lloyds*, 327 S.W.3d at 256; *In re Miller*, 202 S.W.3d 922, 925 (Tex. App.—Tyler 2006, orig. proceeding); *Millard*, 847 S.W.2d at 673. In the context of underinsured motorist coverage, an insurer is under no contractual duty to pay underinsured motorist benefits until the insured proves that the insured has underinsured motorist coverage, that the underinsured motorist negligently caused the accident that resulted in the covered damages, the amount of the insured's

damages, and that the underinsured motorist's insurance coverage is deficient. *See Brainard v. Trinity Universal Ins. Co.*, 216 S.W.3d 809, 818 (Tex. 2006); *In re Old Am. Cnty. Mut. Fire Ins. Co.*, 2013 WL 398866, at \*4; *In re United Fire Lloyds*, 327 S.W.3d at 255. Thus, an insured generally must first establish that the insurer is liable on the contract before the insured can recover on extra-contractual causes of action against an insurer for failing to promptly pay, failing to settle, or failing to investigate an underinsured motorist insurance claim. *See Akin*, 927 S.W.2d at 629; *In re Progressive Cnty. Mut. Ins. Co.*, 2014 WL 2618298, at \*4; *In re Old Am. Cnty. Mut. Fire Ins. Co.*, 2013 WL 398866, at \*4; *In re State Farm Mut. Auto. Ins. Co.*, 395 S.W.3d at 238 (quoting *Smith*, 2007 WL 677992, at \*5); *see also In re Am. Nat'l Cnty. Mut. Ins. Co.*, 384 S.W.3d at 437–38 (holding that "any duty by an insurer to its insured, common-law or statutory, necessarily arises from the contractual relationship between the parties," and that insurer has no duty to settle claim that it is not contractually obligated to pay, insurer cannot be liable on bad faith claims arising from failure to investigate claim that it has no duty to pay, and insurer cannot be liable for insurance code violations related to delays in making offer on claims it has no duty to pay). As a result, "Texas case law establishes that severance and abatement of extra-contractual claims is required in many instances in which an insured asserts a claim to uninsured or underinsured motorist benefits." *In re Old Am. Cnty. Mut. Fire Ins. Co.*, 2013 WL 398866, at \*4; *see also In re*

9

*Progressive Cnty. Mut. Ins. Co.*, 2014 WL 2618298, at \*4–5; *In re Am. Nat'l Cnty. Mut. Ins. Co.*, 384 S.W.3d at 438–39; *In re United Fire Lloyds*, 327 S.W.3d at 255–56.

In this case, the Briers allege that Allstate failed to settle their claim, failed to make a good faith settlement offer to them, and failed to properly investigate, evaluate, and pay their claim. To prevail on these claims, the Briers must first establish that Allstate is liable under the insurance contract[2] by proving: (1) they were covered by the insurance policy Allstate issued to T&R Pipeline; (2) Williams negligently caused the automobile collision that resulted in Grant's death; (3) the amount of their damages; and (4) Williams was either uninsured or underinsured. *See In re Old Am. Cnty. Mut. Fire Ins. Co.*, 2013 WL 398866, at \*4; *In re State Farm Mut. Auto. Ins. Co.*, 395 S.W.3d at 237–38. There is no evidence in the record showing that the Briers have established that Allstate is liable under the insurance contract. As a result, the Briers' settlement claims would be negated by a determination in the breach of contract claim that Allstate is not liable. *See*

---

[2]     The Supreme Court has "left open the possibility that an insurer's denial of a claim it was not obliged to pay might nevertheless be in bad faith if its conduct was extreme and produced damages unrelated to and independent of the policy claim." *Progressive Cnty. Mut. Ins. Co. v. Boyd*, 177 S.W.3d 919, 922 (Tex. 2005). The Briers have not, however, alleged that Allstate engaged in any "extreme" conduct that "produced damages unrelated to and independent of the policy claim." *Id.*; *see In re Am. Nat'l Cnty. Mut. Ins. Co.*, 384 S.W.3d 429, 438 (Tex. App.—Austin 2012, orig. proceeding). The Briers allege only that Allstate improperly denied their claim and failed to fairly investigate their claim. *See Boyd*, 177 S.W.3d at 922; *In re Am. Nat'l Cnty. Mut. Ins. Co.*, 384 S.W.3d at 438.

*Boyd*, 177 S.W.3d at 922; *In re Progressive Cnty. Mut. Ins. Co.*, 2014 WL 2618298, at *4 (stating that "extra-contractual liability could only accrue if [insurer] is found liable on the contract"); *In re Old Am. Cnty. Mut. Fire Ins. Co.*, 2013 WL 398866, at *4 ("[T]o prevail on their extra-contractual claims against Old American, plaintiffs must first demonstrate that Old American was contractually obligated to pay their uninsured motorist claim."); *In re State Farm Mut. Auto. Ins. Co.*, 395 S.W.3d at 239; *In re Am. Nat'l Cnty. Mut. Ins. Co.*, 384 S.W.3d at 438; *In re United Fire Lloyds*, 327 S.W.3d at 256; *Millard*, 847 S.W.2d at 675.

Because the Briers' settlement claims would be negated by a determination that they lacked coverage under the insurance contract, requiring Allstate to prepare for and litigate the settlement claims, which may have not yet accrued and may be rendered moot by the breach of contract claim, would not do justice, avoid prejudice, or further convenience. *See In re Progressive Cnty. Mut. Ins. Co.*, 2014 WL 2618298, at *4–5; *In re Old Am. Cnty. Mut. Fire Ins. Co.*, 2013 WL 398866, at *4; *In re State Farm Mut. Auto. Ins. Co.*, 395 S.W.3d at 237–39; *In re Am. Nat'l Cnty. Mut. Ins. Co.*, 384 S.W.3d at 437–39; *In re United Fire Lloyds*, 327 S.W.3d at 256; *Millard*, 847 S.W.2d at 673. Further, allowing the Briers to conduct broad discovery into Allstate's claims handling history regarding unrelated accidents and then allowing the introduction of such information at the trial of the Briers' breach

11

of contract claim would be manifestly unjust.[3] *See In re Progressive Cnty. Mut. Ins. Co.*, 2014 WL 2618298, at \*4; *In re Old Am. Cnty. Mut. Fire Ins. Co.*, 2013 WL 398866, at \*4. Finally, severance of the Briers' settlement claims from the breach of contract claim would not prejudice the parties' rights. Accordingly, we conclude that severance of the settlement claims was required. *See Boyd*, 177 S.W.3d at 922; *Womack*, 291 S.W.2d at 683; *In re Progressive Cnty. Mut. Ins. Co.*, 2014 WL 2618298, at \*4–5; *In re Old Am. Cnty. Mut. Fire Ins. Co.*, 2013 WL 398866, at \*4; *In re State Farm Mut. Auto. Ins. Co.*, 395 S.W.3d at 237–39; *In re Am. Nat'l Cnty. Mut. Ins. Co.*, 384 S.W.3d at 437–39; *In re United Fire Lloyds*, 327 S.W.3d at 256; *Millard*, 847 S.W.2d at 673.

*Severance of the Misrepresentation Claims Is Not Mandatory*

The Briers alleged the misrepresentation claims as alternatives to their breach of contract claim. Unlike the settlement claims, the misrepresentation claims do not allege that Allstate failed to act in good faith to comply with duties

---

[3] In discovery, the Briers seek production of all documents related to lawsuits and claims against Allstate regarding the denial of claims under business automobile policies. Examples of these requests include:

> Request No. 33: Please produce all documents, communications or other tangible items evidencing the denial of any claim or attempt to deny a claim by ALLSTATE under any Business Automobile policy, from 2000 – present, for a claim asserted by one insured based on another insured's status.

> Request No. 42: Please produce your claims denial journal and any related documents for the past 10 years, relating to the denial of any claim asserted pursuant to an ALLSTATE Business Automobile policy in Texas.

imposed by the insurance contract, but instead allege that the Briers are entitled to damages even if they are not covered by the insurance contract. In these claims, the Briers alleged that Allstate, Insurance Network of Texas, Eddie Croix Insurance Agency, Inc., and Randy Croix made material misrepresentations and misstatements of law related to the insurance policy issued by Allstate to T&R Pipeline that the Briers relied on to their detriment. *See* TEX. BUS. & COMM. CODE ANN. § 17.46(b)(5), (b)(12) (West 2011); TEX. INS. CODE ANN. §§ 541.061, 541.151 (West 2009); *Celtic Life Ins. Co. v. Coats*, 885 S.W.2d 96, 97–100 (Tex. 1994); *Brown & Brown of Tex., Inc. v. Omni Metals, Inc.*, 317 S.W.3d 361, 381 (Tex. App.—Houston [1st Dist.] 2010, pet. denied).

The Briers sued Insurance Network of Texas, Eddie Croix Insurance Agency, Inc., and Randy Croix as agents of Allstate and allege that the insurance policy at issue was sold by Randy Croix, as an agent for Allstate. Therefore, if Allstate is liable for the allegations in the misrepresentation claims, the liability would be based on Randy Croix's actions as Allstate's agent. *See, e.g.*, *Coats*, 885 S.W.2d at 98 ("An insurance company is generally liable for any misconduct by an agent that is within the actual or apparent scope of the agent's authority."); *Omni Metals, Inc.*, 317 S.W.3d at 377–78, 381. In its motion requesting severance, Allstate sought severance of the misrepresentation claims alleged against Allstate from the Briers' breach of contract claim. But the record before the Court reflects

neither that the other defendants filed a similar motion nor that Allstate sought severance of the Briers' claims asserted against it from the claims asserted against the other defendants. As a result, the Briers' misrepresentation claims against Allstate involve the same facts and issues as, and are interwoven with, the misrepresentation claims against Insurance Network of Texas, Eddie Croix Insurance Agency, Inc., and Randy Croix, which claims would remain pending in the underlying lawsuit regardless of any severance of these claims against Allstate. *See Guar. Fed. Sav. Bank*, 793 S.W.2d at 658.

Further, the misrepresentation claims are not bad faith claims, are not dependent upon a determination that Allstate has a contractual duty to pay underinsured motorist benefits to the Briers, and will not be rendered moot if Allstate prevails on the breach of contract claim. *See* TEX. BUS. & COMM. CODE ANN. § 17.46(b)(5), (b)(12); TEX. INS. CODE ANN. § 541.061(3), (4), (5). The misrepresentation claims, like promissory estoppel claims, are asserted as alternative causes of action to the breach of contract claim, alleging that Allstate, Insurance Network of Texas, Eddie Croix Insurance Agency, Inc., and Randy Croix are liable for the Briers' damages even if the Briers are not covered by the insurance policy. *Compare* TEX. BUS. & COMM. CODE ANN. § 17.46(b)(5), (b)(12); TEX. INS. CODE ANN. §§ 541.061(3), (4), (5), 541.151, *with Miller v. Raytheon Aircraft Co.*, 229 S.W.3d 358, 378–79 (Tex. App.—Houston [1st Dist.] 2007, no

14

pet.) (stating elements of promissory estoppel claim). Therefore, unlike the Briers' settlement claims, requiring Allstate to litigate the misrepresentation claims at the same time as the breach of contract claim would promote convenience and judicial economy.

Finally, Allstate has not offered evidence to demonstrate how it will be prejudiced if it has to prepare for and litigate the misrepresentation claims in conjunction with the breach of contract claim. *See Allstate Ins. Co. v. Hunter*, 865 S.W.2d 189, 194 (Tex. App.—Corpus Christi 1993, orig. proceeding).

Accordingly, we conclude that the trial court acted within its discretion when it denied Allstate's motion to sever insofar as Allstate requested severance of the misrepresentation claims from the breach of contract claim. *See Duenez*, 237 S.W.3d at 693; *Morgan*, 675 S.W.2d at 734; *Womack*, 291 S.W.2d at 683.

### Adequate Remedy by Appeal

If the Briers' settlement claims are tried with the breach of contract claim, the trial court and the parties will be required to conduct discovery, prepare for trial, and conduct voir dire on claims that may have not yet accrued and that could be rendered moot by the portion of the trial relating to breach of contract for underinsured motorist benefits. *See In re Progressive Cnty. Mut. Ins. Co.*, 2014 WL 2618298, at *5; *In re Old Am. Cnty. Mut. Fire Ins. Co.*, 2013 WL 398866, at *4; *In re Am. Nat'l Cnty. Mut. Ins. Co.*, 384 S.W.3d at 439; *Millard*, 847 S.W.2d at

15

675–76. Accordingly, we conclude that Allstate has no adequate remedy by appeal. *See In re Progressive Cnty. Mut. Ins. Co.*, 2014 WL 2618298, at *5; *In re Old Am. Cnty. Mut. Fire Ins. Co.*, 2013 WL 398866, at *4; *In re State Farm Mut. Auto. Ins. Co.*, 395 S.W.3d at 239; *In re Am. Nat'l Cnty. Mut. Ins. Co.*, 384 S.W.3d at 439; *In re United Fire Lloyds*, 327 S.W.3d at 256; *Millard*, 847 S.W.2d at 675–76.

## Conclusion

Based on our review of the record, we conclude that the Briers' settlement claims are severable from the breach of contract claim, the facts and circumstances of the case require a severance to prevent manifest injustice, and the legal rights of the parties will not be prejudiced thereby. *See Womack*, 291 S.W.2d at 683. The trial court, therefore, abused its discretion in refusing to sever the Briers' settlement claims from the breach of contract claim and abate the settlement claims pending the determination of Allstate's liability for the breach of contract claim. *See In re Am. Nat'l Cnty. Mut. Ins. Co.*, 384 S.W.3d at 439; *In re Reynolds,* 369 S.W.3d 638, 650–55 (Tex. App.—Tyler 2012, orig. proceeding); *In re United Fire Lloyds*, 327 S.W.3d at 257; *see also In re Old Am. Cnty. Mut. Fire Ins. Co.*, 2013 WL 398866, at *4–5.

We further conclude, however, that the facts and circumstances of the case do not require severance of the Briers' misrepresentation claims from their breach

of contract claim and that the trial court properly exercised its discretion in determining that the misrepresentation claims should be tried with the breach of contract claim.

Accordingly, we conditionally grant Allstate's petition for writ of mandamus in part and order the trial court to (1) vacate the portion of the December 10, 2013 order that denies severance and abatement of the "Bad Faith," "Unfair Settlement Practices," and "Failure to Promptly Pay Claims" causes of action, (2) grant Allstate's motion to sever as to those causes of action, and (3) abate those causes of action until the Briers' breach of contract claim is resolved.

Nevertheless, because the trial court did not abuse its discretion when it determined that the "Misrepresentation of the Insurance Policy" claim and the "Violations of the DTPA" claim should remain pending with the breach of contract claim, we deny Allstate's petition for writ of mandamus insofar as it requests an order compelling the trial court to sever and abate the Briers' "Misrepresentation of the Insurance Policy" and "Violations of the DTPA" causes of action.

We are confident that the trial court will promptly comply, and our writ will issue only if it does not.


Sherry Radack
Chief Justice

Panel consists of Chief Justice Radack and Justices Jennings and Keyes.

17