ACCEPTED
06-15-00037-CV
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
11/9/2015 11:10:06 AM
DEBBIE AUTREY
CLERK

## NO. 06-15-00037-CV

IN THE COURT OF APPEALS FOR THE

SIXTH DISTRICT OF TEXAS

AT TEXARKANA

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS

11/9/2015 11:10:06 AM

DEBBIE AUTREY
Clerk

MICHAEL D. LEE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . APPELLANT

V.

THE ROGERS AGENCY, C. MICHAEL ROGERS
& NEW YORK LIFE INSURANCE COMPANY.. . . . . . . . . . . . . . APPELLEES

---

On Appeal from the 124th Judicial District Court
of Gregg County, Texas
Honorable Alfonso Charles Presiding

---

# BRIEF OF APPELLANT

John R. Mercy
Texas State Bar No. 13947200
MERCY ✶ CARTER ✶ TIDWELL, L.L.P.
1724 Galleria Oaks Drive
Texarkana, TX 75503
Telephone: (903) 794-9419
Facsimile: (903) 794-1268
E-mail: jmercy@texarkanalawyers.com

James A. Holmes
Texas State Bar No. 00784290
THE LAW OFFICE OF JAMES HOLMES, PC
212 South Marshall
Henderson, TX 75654
Telephone: (903) 657-2800
Facsimile: (903) 657-2855
Email: jh@JamesHolmesLaw.com

ATTORNEYS FOR APPELLANT

**Oral Argument Requested**

## IDENTITY OF PARTIES AND COUNSEL

Pursuant to Rule 38.1(a) of the Texas Rules of Appellate Procedure, Appellant lists below the names and addresses of all parties to the trial court's final judgment together with their counsel in the trial court. This list is provided so that the justices of this Court may evaluate possible disqualification and recusal, and so that the Clerk of the Court of Appeals may notify all parties of this Court's final judgment.

Michael D. Lee. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Appellant

James A. Holmes
Texas State Bar No. 00784290
THE LAW OFFICE OF JAMES HOLMES, PC
212 South Marshall
Henderson, TX 75654. . . . . . . . . . . . . . . . . . . . . . . . . . Trial Counsel for Appellant

John R. Mercy
MERCY ✻ CARTER ✻ TIDWELL, L.L.P.
1724 Galleria Oaks Drive
Texarkana, TX 75503. . . . . . . . . . . . . . . . . . . . . . Appellate Counsel for Appellant

The Rogers Agency
C. Michael Rogers.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Appellees

LaToyia Pierce
WILSON, ELSER, MOSKOWITZ,
  EDLEMAN & DICKER LLP
4800 Bank of America Plaza
901 Main Street
Dallas, TX 75202.. . . . . . . . . . . . . . . . . . . . . . . . . . . . Attorney for  Appellees,
                              The Rogers Agency and C. Michael Rogers

New York Life Insurance Company... . . . . . . . . . . . . . . . . . . . . . . . . . . Appellee

i

Andrew Jubinsky
Ryan McComber
FIGARI & DAVENPORT, LLP
3400 Bank of America Plaza
901 Main Street
Dallas, TX 75202.. . . . . . . . . . . . . . . . . Trial and Appellate Counsel for Appellee,
New York Life Insurance Company

# TABLE OF CONTENTS

**Page**

Identity of Parties and Counsel. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

Table of Contents. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

Index of Authorities.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

Statement of the Case. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Statement of Oral Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Issue Presented. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Statement of Facts. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Summary of the Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Argument and Authorities. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

      Res Judicata.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

      Standard of Review. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

      Undisputed Facts.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

      Lee's Extra-Contractual Claims. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

      New York Life's Motion for Summary Judgment. . . . . . . . . . . . . . . . . . 12

      Not a Class Member. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

      Not in Privity.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

      No Notice. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

      The Notice Was Not Adequate. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Prayer. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Certificate of Service. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Certificate of Compliance. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

Appendix:

A - Order Granting Defendants' Motion for Summary Judgment (CR 1074 and SCR 1065)

B - Class Member Definition (CR 319)

iv

# INDEX OF AUTHORITIES

**Cases**:                                                                                                      **Page**

All American Siding & Windows, Inc. v.
Bank of America National Association,
367 S.W.3d 490 (Tex. App. – Texarkana 2012, pet. denied). . . . . . . . . . . . . . . . . 9

Bailey v. Kemper Casualty Ins. Co.,
83 S.W.3d 840 (Tex.  2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Barr v. Resolution Trust Corp.,
837 S.W.2d 627 (Tex. 1992). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Bogard v. Cook,
586 F.2d 399 (5th Cir. 1978). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Celtic Life Ins. Co. v. Coats,
885 S.W.2d 96 (Tex. 1994). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

City of San Antonio v. Cortes,
468 S.W.3d 580 (Tex. App. – San Antonio 2015, pet. filed). . . . . . . . . . . . . . . . 8

FM Props Operating Co. v. City of Austin,
22 S.W.3d 868 (Tex. 2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Ford Motor Co. v. Sheldon,
22 S.W.3d 445 (Tex. 2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Getty Oil Co. v. Ins. Co. of N. Am.,
845 S.W. 2d 794 (Tex. 1992). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Hill v. Tx An Anesthesia Mgmt. LLP,
443 S.W.3d 416 (Tex. App. – Dallas 2014, no pet.). . . . . . . . . . . . . . . . . . . . . . 14

In Re Allstate County Mutual Ins. Co.,
447 S.W.3d 497 (Tex. App. – Houston [1st Dist.] 2014, orig. proceeding). . . . . . 11

In Re ER,
385 S.W.3d 552 fn. 18 (Tex. 2012).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

In re: Nissan Motor Corp. Antitrust Litig.,
552 F.2d 1088 (5th Cir. 1977). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Intratex Gas Co. v. Beeson,
22 S.W.3d 398 (Tex. 2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Ison v. Carlile & Jacquelin,
417 U.S. 156 (1974). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Johnson v. General Motors Corp.,
598 F.2d 432 (5th Cir. 1979). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Peter G. Milne, P.C. v. Ryan,
2015 WL 5999898 at 10 (Tex. App. – Texarkana, October 15, 2015).. . . . . . . . . 13

Pinson v. Terminal Transport Co.,
634 F.2d 989 (5th Cir. 1981). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Provident Life & Accident Ins. Co. v. Knott,
128 S.W.3d 211 (Tex. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Royal Globe Ins. Co. v. Bar Consultants, Inc.,
577 S.W.2d 688 (Tex. 1979). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Strather v. Dolgen Corp. of Texas, Inc.,
96 S.W.3d 420 (Tex. App. – Texarkana 2002, no pet.). . . . . . . . . . . . . . . . . . . 9

Travelers Ins. Co. v. Joachin,
315 S.W.3d 860 (Tex. 2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Truck Ins. Exchange v. Mid-Continent Cas. Co.,
320 S.W.3d 613 (Tex. App. – Austin 2010, no pet.). . . . . . . . . . . . . . . . . . . . 14

Union Pacific R. Co. v. Ameriton Properties, Inc.,
448 S.W.3d 671 (Tex. App. – Houston [1st Dist.] 2014, pet. denied).. . . . . . . . . . 8

Viles v. Sec. Int'l Ins. Co.,
788 S.W.2d 566 (Tex. 1990). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Willson v. New York Life Ins. Co., et al,
Index No. 94/127804 (Sup. Ct. N.Y. Co.). . . . . . . . . . . . . . . . . . . . 5, 10, 13 *passim*

**Rules**:

TEX. R. CIV. P. 166a(c). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

**Statutes**:

TEX. BUS. COM. CODE
 § 17.46. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
 § 17.50. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12

TEX. INS. CODE
 § 541.060(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
 § 541.151. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
 § 542.003(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
 § 542.058. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

# NO. 06-15-00037-CV

MICHAEL D. LEE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  APPELLANT

V.

THE ROGERS AGENCY, C. MICHAEL ROGERS
& NEW YORK LIFE INS. CO.. . . . . . . . . . . . . . . . . . . . . . . . . . .  APPELLEES

## BRIEF OF APPELLANT

TO THE HONORABLE COURT OF APPEALS:

COMES NOW Appellant, MICHAEL D. LEE, and appeals the trial court's

June 26, 2015 summary judgment, and would show unto the Court the following

### Statement of the Case

Nature of the Case          This is a suit by Lee for negligence, deceptive trade
                            practices, insurance code violations, declaratory
                            relief and breach of contract against his insurance
                            agent, agency, and NY Life. [1]

---

[1] Appellant, Michael D. Lee, will be referred to as "Lee"; Appellee, The Rogers Agency, will be referred to as " The Agency)"; Appellee, C. Michael Rogers, will be referred to as "Rogers"; and Appellee, New York Life Ins. Co., will be referred to individually as "NY Life." With reference to the Motion for Summary Judgment and arguments to it the Appellees collectively will be referred to as "New York Life." The Clerk's Record will be cited as "CR ___" ; and the Supplemental Clerk's Record as "SCR ___;  and the Reporter's Record will be cited as " RR __."

1

Trial Court: The Honorable Alfonso Charles,
124th District Court, Gregg County

Parties: Plaintiff   –  Michael D. Lee
Defendants  –  The Rogers Agency,
        C. Michael Rogers
        New York Life Ins. Co.

Course of Proceedings: Suit was filed by Lee against Rogers, The Rogers Agency, and NY Life for negligence, deceptive trade practices, violations of the Insurance Code, declaratory relief, and breach of contract. (CR 5, 13, 717). Defendants denied the allegations. (CR 796, 800, 809). Defendants removed the case to federal court. (CR 24). The federal court remanded the case to the 124th District Court, Gregg County, Texas. (CR 36). New York Life moved for summary judgment based upon res judicata.(CR 50, 703, 706, 714, 726). Lee filed a brief in response pointing out that res judicata did not apply.

Trial Court Disposition: The trial court granted the summary judgment motion based on res judicata. (CR 1074). This appeal ensued. (CR 1075).

## STATEMENT OF ORAL ARGUMENT

This case presents unique factual issues regarding class notification and whether res judicata applies to non-class members. Therefore oral argument may be helpful to the Court in understanding the issues as presented.

# ISSUE PRESENTED

## Issue No. 1

**Res judicata based on a prior class action does not apply to Lee for three specific reasons:**

**a.** **Res judicata does not apply because Lee was not a member of the Willson class;**

**b.** **Res judicata does not apply because Lee was not in privity with the Willson class;**

**c.** **Res judicata does not apply because even if Lee were a member of the Willson class Lee did not receive proper notice; and**

**d.** **Res judicata does not apply because even if Lee were a member of the class and received notice, the notice was not adequate to apprise Lee that his extra-contractual claims would be barred by the class judgment.**

Therefore it was error by the court to grant summary judgment based on res judicata.

On July 28, 1995, NY York Life settled a two billion dollar class action with certain defined class members. (CR 55). In the case styled *Willson v. New York Life Ins. Co., et al*, Index No. 94/127804 (Sup. Ct. N.Y. Co.) (CR 55), the judgment approving the settlement specifically defined the class as ". . . all persons or entities who have, or had, at the time of the policy's termination, an ownership interest in one or more policies issued by New York Life at any time during the class period, . . . (CR 319). Under the Willson class definition to be a member of the class a person or entity had to have an ownership interest at (1) the time of the settlement of the Willson case, or (2) at the time of the policy's termination. (CR 319). In Lee's case to be a member of the class Lee would have had to own the policy on July 28, 1995 or in May of 2012 when the settlement was approved or the policies in question were terminated. (CR 751).

Between 1985 and 1987 Lee purchased three whole-life policies from New York Life Insurance Company through its local agent, Rogers, of The Rogers Agency. (CR 54). Each policy provided that Lee could "shorten the premium paying period for this policy by having it made fully paid up with no more premiums due". (CR 737, 750). In 1989, based upon Rogers' representations, Lee paid $238,188.15 to fully pay up the policies so no more premiums would be due. (CR 55, 738, 750).

Based upon Rogers' representations Lee paid no further premiums on the policies. (CR 738, 750).

On June 10, 1991 Lee transferred ownership of the policies to the Michael D. Lee Irrevocable Insurance Trust using NY Life's provided documents. (CR 738). By the terms of the NY Life forms, the owner of the policies became Richard A. Dial, the trustee of the irrevocable insurance trust. (CR 738). NY Life even confirmed to Dial that he had all the rights of ownership of the policies. (CR 739). After June 10, 1991 Lee had no further ownership interest in the policies. (CR 739).

In May of 2012, NY Life notified Lee that the policies had lapsed due to unpaid premiums. (CR 751). Lee filed suit in March of 2014 asserting his individual extra-contractual claims for negligence, deceptive trade practices, violations of the insurance code, declaratory relief, and under contract. (CR 5, 13, 717). Defendants attempted to remove the case to federal court. (CR 24). The case was remanded to the 124th District Court of Gregg County. (CR 36). Defendants then immediately filed a motion for summary judgment claiming that because of the Willson case res judicata applied to Lee's claims. (CR 50, 703, 706, 714, 726). The court granted Defendants' summary judgment motion, dismissing all of Lee's claims. (CR 1074).

## SUMMARY OF THE ARGUMENT

For res judicata to apply this Court must make sure that it complies with due process requirements. Here it does not because Lee was not a member of the prior class or in privity with the prior class, did not receive notice of the class settlement, and the notice was not sufficient even had he received it. As this Court is aware, res judicata can only apply in very specific instances, none of which are met in this case. It was therefore error to grant summary judgment based upon it.

The res judicata effect of a class settlement does not apply when a person is not a member of the class, not in privity with the class, does not receive notice of the class settlement, or notice is inadequate. Here the trial court erred by granting summary judgment based on res judicata where none of these existed.

**Res Judicata**

Res judicata is the generic term for a group of related concepts concerning the conclusive effects given to final judgments. <u>Barr v. Resolution Trust Corp.</u>, 837 S.W.2d 627, 628 (Tex. 1992); <u>City of San Antonio v. Cortes</u>, 468 S.W.3d 580 (Tex. App. – San Antonio 2015, pet. filed). Claims preclusion under res judicata prevents the relitigation of a claim or cause of action that has been fully adjudicated or should have been adjudicated in a prior suit. <u>Union Pacific R. Co. v. Ameriton Properties, Inc.</u>, 448 S.W.3d 671, 680 (Tex. App. – Houston [1ˢᵗ Dist.] 2014, pet. denied); <u>Barr</u>, 837 S.W.2d at 628. To prevail on a res judicata defense a party must show that (1) in a previous action, a court of competent jurisdiction rendered a final determination on the merits; (2) the parties in the earlier action are identical to, or in privity with, the present parties; and (3) the pending claim is identical to the prior claim or arises out of the same subject matter as the prior claim and could have been litigated in the previous action. <u>Travelers Ins. Co. v. Joachin</u>, 315 S.W.3d 860, 862 (Tex. 2010).

**Standard of Review**

Whether summary judgment is proper is a question of law that is reviewed de novo. FM Props Operating Co. v. City of Austin, 22 S.W.3d 868, 872 (Tex. 2000). The standard for reviewing a traditional summary judgment is well established. All American Siding & Windows, Inc. v. Bank of America National Association, 367 S.W.3d 490, 497 (Tex. App. – Texarkana 2012, pet. denied). Traditional summary judgment is proper if (1) there is no genuine issue of material fact, and (2) the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c). When reviewing a summary judgment the court of appeals must take as true all evidence favorable to the non-movant, and indulge every reasonable inference and resolve all doubts in non-movant's favor. Provident Life & Accident Ins. Co. v. Knott, 128 S.W.3d 211, 215-16 (Tex. 2003). When the trial court does not specify on what basis it granted summary judgment, the appellant must argue that every ground in the summary judgment motion is erroneous. Strather v. Dolgen Corp. of Texas, Inc., 96 S.W.3d 420, 422-23 (Tex. App. – Texarkana 2002, no pet.).

**Undisputed Facts**

- NY Life issued three (3) one million dollar life insurance policies to Lee between 1985 and 1987. (CR 49, 54).

- Lee claimed that Rogers misrepresented to him in 1989 that (1) he could fully pay the premiums on the policies for $238,188.15; and (2) after he

9

made such payment the policies would remain in effect for his lifetime. (CR 750).

- On June 10, 1991 he transferred ownership of all three policies to the Michael D. Lee Irrevocable Insurance Trust. (CR 750).

- On February 1, 1996 the court approved a final judgment in *Willson v. New York Life Insurance Co., et al*, Index No. 94/127804 (Supreme Court New York County).(CR 56).

- The Willson judgment defined class members as "all persons or entities who have or had at the time of the policies' termination an ownership interest in one or more policies issued by New York Life at any time during the class period, . . ." (CR 319).

- The Willson judgment defined class period as the period from January 1, 1982 through December 31, 1994, inclusive. (CR 320).

- Lee did not have an ownership interest in the policies on February 1, 1996. (CR 751).

- Lee did not have an ownership in the policies in May of 2012. (CR 751).

- Notice was not sent specifically to Lee. (CR 751).

- Notice concerning the policies was only sent to Richard Dial, the trustee for the Michael D. Lee Irrevocable Insurance Trust. (CR 822).

10

**Lee's Extra-Contractual Claims**

Claims for violation of the Texas Insurance Code and the common law duty of good faith and fair dealing are separate and independent from claims for contractual benefits. *See* In Re Allstate County Mutual Ins. Co., 447 S.W.3d 497, 500 (Tex. App. – Houston [1ˢᵗ Dist.] 2014, orig. proceeding); Viles v. Sec. Int'l Ins. Co., 788 S.W.2d 566, 567 (Tex. 1990). The supreme court has held that an insurer or its agents may be liable under the Texas Insurance Code and/or the DTPA for misrepresenting a policy even without a claim under the contract itself. Celtic Life Ins. Co. v. Coats, 885 S.W.2d 96, 99 (Tex. 1994); In Re Allstate, 447 S.W.3d at 500.

In this case, Lee asserts extra-contractual claims under the Texas Insurance Code and the DTPA for misrepresentation of the policy. In particular, he complains that his agent misrepresented the nature of the policy and the amount of premiums to "make it fully paid up." He asserts causes of action under Sections 541.060(a), 542.003(b) and 542.058 of the Texas Insurance Code and Sections 17.46 and 17.50 of the Texas Business & Commerce Code. These causes of action arise in favor of any "person" and any "consumer" damaged by the misrepresentations. *E.g.,* TEX. INS. CODE § 541.151 (West 2015); TEX. BUS. COM. CODE § 17.50 (West 2015). They are not reserved for policy owners or even insureds. *See id.*

These claims are separate and independent from any claims for contractual benefits. In Re Allstate, 447 S.W.3d at 500. They can be asserted even in the absence

11

of a claim for benefits under the policies.  <u>Royal Globe Ins. Co. v. Bar Consultants,</u> <u>Inc.</u>, 577 S.W.2d  688, 694 (Tex. 1979).  They arose in favor of Lee when his agent misrepresented the terms of his policy to him in 1989.  While Lee could have transferred these claims to the Trust, he did not.  As New York Life concedes, the plain language of the Trust instrument conveys only Lee's "right, title and interest *in the policies*.  (CR 815).  The fact that the Trust became the "absolute owner" of the policies does not foreclose Lee's right to assert his claim as a "person" and "consumer" under the Texas Insurance Code and the DTPA.  *E.g.,* TEX. INS. CODE § 541.151; TEX. BUS.  COM. CODE § 17.50.

**New York Life's Motion for Summary Judgment**

The sole basis, and "threshold issue", for New York Life's motion for summary judgment was that the final judgment in the Willson case barred Lee's claims by res judicata.[2]  (CR 54).  In analyzing the elements of res judicata, in the context of the Willson case,  res judicata clearly does not apply to Lee's claims.

**Not a Class Member**

In the context of a class action, for the Willson judgment to have preclusive effect Lee must have been a member of the class.  The definition of a class member must be precise and presently ascertainable by reference to object to the criteria.

---

[2] Rogers and The Agency joined in the motion for summary judgment. (CR 703, 704).

Intratex Gas Co. v. Beeson, 22 S.W.3d 398, 403 (Tex. 2000); Peter G. Milne, P.C. v. Ryan, 2015 WL 5999898 at 10 (Tex. App. – Texarkana, October 15, 2015). A proper class definition determines who is entitled to notice, who is entitled to relief, and what relief can be awarded. Intratex, 22 S.W.3d at 403. It also determines which parties will be bound by the judgment. *Id.* Ford Motor Co. v. Sheldon, 22 S.W.3d 445, 453 (Tex. 2000). Bailey v. Kemper Casualty Ins. Co., 83 S.W.3d 840, 851 (Tex. 2002). For the class action settlement to apply to Lee the must have been a member of the class. It is undisputed that he was not.

To determine whether Lee was a member of the class this Court must simply look at the definition of class members set forth in the Willson case, and the undisputed facts with regard to Lee. Willson defined the class as ". . . all persons or entities who have, or had at the time of the policy's termination an ownership interest in one or more policies issued by New York Life at any time during the class period." (CR 319). In doing so it is apparent that Lee did not have an ownership interest either when the Willson judgment was signed on July 28,1995, or when the policies were terminated in May 2012. (CR 751). Thus by definition he was not a member of the Willson class. This should end this Court's inquiry and the summary judgment should be reversed.

**Not in Privity**

New York Life argued to the trial court that on the one hand that somehow Lee was in privity with the trust while admitting that all ownership of the trust as transferred to the Irrevocable Insurance Trust on June 10, 1991. (CR 817, 820). These positions are mutually exclusive.

New York Life claims privity on three bases: (1) that Lee and the trust were preceding and succeeding owners of the policies; (2) Lee's extra-contractual claims were represented by the trust and other named plaintiffs; and (3) the trust designated the trustee as having the power to bind "those interested in the trust." (CR 820). None of these are supported by the summary judgment evidence and required the trial court to improperly presume they were correct.

There is no specific definition of privity that can be applied in res judicata cases. Truck Ins. Exchange v. Mid-Continent Cas. Co., 320 S.W.3d 613, 618 (Tex. App. – Austin 2010, no pet.); Hill v. Tx An Anesthesia Mgmt. LLP, 443 S.W.3d 416, 424-25 (Tex. App. – Dallas 2014, no pet.). Each case requires an examination of the particular facts and circumstances of the case . Getty Oil Co. v. Ins. Co. of N. Am., 845 S.W. 2d 794, 800 (Tex. 1992). A person can only be in privity in three ways: (1) he can control the action even though not a party to it; (2) his interests can be represented by a party to the action; and (3) he can be a successor in interest deriving his claim through a party to the prior action. Hill, 443 S.W.2d at 425. Lee does not

fall into any of these three categories. He could not control the action because he was not an owner of the policies on the two relevant dates. His interests were not represented. Finally, he did not derive his extra-contractual claims from the trust. Based on Lee's affidavit alone there is a disputed fact issue that must be decided to find privity. (CR 751). New York Life's arguments for privity stretch the concepts of due process sought to be protected by the very specific class member definition.

This should end this Court's inquiry and the summary judgment should be reversed.

**<u>No Notice</u>**

For argument's sake, even if this Court assumes that Lee was a member of the class due process requires that he receive some notice that the class action is pending and that his claims may be adjudicated as part of it. <u>Johnson v. General Motors Corp.</u>, 598 F.2d 432, 438 (5th Cir. 1979). Adequate notice and opportunity to be heard are fundamental requisites of the constitutional guarantee of procedural due process. <u>Ison v. Carlile & Jacquelin</u>, 417 U.S. 156, 174 (1974). <u>In Re ER</u>, 385 S.W.3d 552 fn. 18 (Tex. 2012). For a class member to be forever barred from pursuing an individual damage claim due process requires that he receive some form of notice that the class action is pending and his damage claims may be adjudicated as part of it. <u>Johnson v. General Motors Corp.</u>, 598 F.2d at 438. Here the evidence is undisputed that Lee did not receive a notice of the Willson case or its settlement.

15

(CR 822). Defendants attempt to argue that because the trust received a notice it was good notice to Lee. That is simply not correct. Again, this should end this Court's inquiry and the summary judgment should be reversed.

**The Notice Was Not Adequate**

Assuming for argument's sake that Lee was a member of the class, and that the notice to the trust was notice to him, the notice itself was still inadequate to inform Lee that his rights could be precluded by the settlement. Res judicata will not bar a subsequent suit for damages if the notice does not adequately inform an absent class member of his rights under the settlement. *e.g.* Pinson v. Terminal Transport Co., 634 F.2d 989, 995 (5th Cir. 1981); Bogard v. Cook, 586 F.2d 399 (5th Cir. 1978). The notice must contain an adequate description of the proceeding written in an objective, neutral terms that insofar as possible may be understood by the average absentee class member. In re: Nissan Motor Corp. Antitrust Litig., 552 F.2d 1088 (5th Cir. 1977). In essence, the content of the notice must meet due process requirements in giving notice that the settlement class can use to determine whether they are included. The notice here described the settlement class as those who "have or had at the time of the Policies' termination an ownership interest in one or more Policies." Had Lee received a notice, the notice did not alert him that his claims were being settled, merely those owned by the trust. Such a notice did not adequately inform Lee that

16

his claims were being settled by the class settlement. This should finally end this Court's inquiry and the summary judgment should be reversed.

## CONCLUSION

Based upon the undisputed evidence, the trial court erred in granting summary judgment based on res judicata against Lee. He was not a member of the class, did not receive notice, and the notice would not have apprised him of the loss of his claims. Therefore summary judgment was improper.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Appellant, MICHAEL D. LEE, prays that the Court reverse the trial court judgment, remand the case for trial, and for such other and further relief to which he may show himself to be entitled.

Respectfully submitted,

/s/ *John R. Mercy*

John R. Mercy
Texas State Bar No. 13947200
MERCY ✣ CARTER ✣ TIDWELL, L.L.P.
1724 Galleria Oaks Drive
Texarkana, TX 75503
Telephone: (903) 794-9419
Facsimile: (903) 794-1268
Email: jmercy@texarkanalawyers.com

17

James A. Holmes
Texas State Bar No. 00784290
THE LAW OFFICE OF JAMES HOLMES, PC
212 South Marshall
Henderson, TX 75654
Telephone: (903) 657-2800
Facsimile:   (903) 657-2855
Email:  jh@JamesHolmesLaw.com

ATTORNEYS FOR APPELLANT

## CERTIFICATE OF SERVICE

I hereby certify that on November 9, 2015, a true and correct copy of the foregoing *Brief of Appellant* was served on all counsel of record for Appellees by the Electronic Service Provider as follows:

Ms. LaToyia Pierce
WILSON, ELSER, MOSKOWITZ,
   EDLEMAN & DICKER LLP
4800 Bank of America Plaza
901 Main Street
Dallas, TX 75202
Email: latoyia.pierce@wilsonelser.com

Mr. Andrew Jubinsky
Email: andy.jubinsky@figdav.com
Mr. Ryan McComber
Email: ryan.mccomber@figdav.com
FIGARI & DAVENPORT, LLP
3400 Bank of America Plaza
901 Main Street
Dallas, TX 75202

   /s/ *John R. Mercy*
John R. Mercy

18

## CERTIFICATE OF COMPLIANCE

Pursuant to Tex. R. App. P. 9.4, I hereby certify that the foregoing Brief of Appellant contains 2,907 words. This is a computer-generated document created in WordPerfect using 14-point typeface. In making this certificate I am relying on the word count provided by the software used to prepare the document.

/s/ *John R. Mercy*

John R. Mercy

# APPENDIX

A - Order Granting Defendants' Motion for Summary Judgment (CR 1074 and SCR 1065)

B - Class Member Definition (CR 319)

# APPENDIX A

CAUSE NO. 2014-615-B

| | | |
|---|---|---|
| MICHAEL D. LEE, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | GREGG COUNTY, TEXAS |
| | § | |
| THE ROGERS AGENCY, C. MICHAEL | § | |
| ROGERS, and NEW YORK LIFE | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| Defendants. | § | 124TH JUDICIAL DISTRICT |
| | § | |

### ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

On February 4, 2015, came before the Court for consideration Defendants' Motion for Summary Judgment (the "Motion"). The Court, having considered the Motion and the evidence in support thereof, the pleadings on file, and the arguments of counsel at the hearing, finds that the Motion is well taken and should be GRANTED.

IT IS THEREFORE ORDERED that the Motion is hereby GRANTED.

IT IS FURTHER ORDERED that all of the claims alleged by Plaintiff in this case against Defendants are hereby DISMISSED WITH PREJUDICE.

This Judgment is a final judgment and shall remain in full force and effect until further orders of this Court. All other relief, not specifically granted herein, is hereby DENIED. SO ORDERED.

SIGNED this _____26th_____ day of June, 2015.

*Alfonso Charles*

HONORABLE JUDGE PRESIDING

**ORDER GRANTING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT**

**1074**

CAUSE NO. 2014-615-B

| | | |
|---|---|---|
| MICHAEL D. LEE, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | GREGG COUNTY, TEXAS |
| | § | |
| THE ROGERS AGENCY, C. MICHAEL | § | |
| ROGERS, and NEW YORK LIFE | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| Defendants. | § | 124ᵀᴴ JUDICIAL DISTRICT |
| | § | |

## ORDER GRANTING DEFENDANTS'
## MOTION FOR SUMMARY JUDGMENT

On February 4, 2015, came before the Court for consideration Defendants' Motion for Summary Judgment (the "Motion"). The Court, having considered the Motion and the evidence in support thereof, the pleadings on file, and the arguments of counsel at the hearing, finds that the Motion is well taken and should be GRANTED.

IT IS THEREFORE ORDERED that the Motion is hereby GRANTED.

IT IS FURTHER ORDERED that all of the claims alleged by Plaintiff in this case against Defendants are hereby DISMISSED WITH PREJUDICE.

This Judgment is a final judgment and shall remain in full force and effect until further orders of this Court. All other relief, not specifically granted herein, is hereby DENIED. SO ORDERED.

SIGNED this _____26th_____ day of June, 2015.


_Alfonso Charles_
_____
HONORABLE JUDGE PRESIDING


ORDER GRANTING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT

**1065**

# APPENDIX B

others. New York Life Insurance Company's Corporate Compliance Department, Individual Life Department and Office of General Counsel, that will assess all Claims.

p. "Class" and "Class Members" mean all persons or entities who have, or had at the time of the Policy's termination, an ownership interest in one or more Policies issued by New York Life at any time during the Class Period, but do not include persons or entities (unless such persons or entities are members of the Class by virtue of their ownership interest in other Policies) (i) who were represented by counsel and who signed a document pursuant to a settlement of a claim or an actual or potential lawsuit that releases either or both Defendants from any further claims concerning one or more Policies; (ii) who owned Policies on which the insured died while the Policy was in force; (iii) who own or owned at the time of the policy's termination Single Premium Whole Life Insurance ("SPL") policies, Variable Life Insurance or Variable Universal Life insurance ("VL") policies, and/or the following corporate sponsored life insurance policies: Corporate Sponsored Universal Life policies, Target Life policies with an Alternate Cash Surrender Value Benefit Endorsement, whole life policies issued to J. P. Morgan and Co. and Target Life policies issued to Bear Stearns & Co. (collectively the "CSL" poli-

9

···13491